JONES et al., Appellees,

v.

BILLINGHAM, Appellant.

[Cite as *Jones v. Billingham* (1995), 105 Ohio App.3d 8.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14661.

Decided June 14, 1995.

James P. Jones, for appellees.

Kathryn L. Billingham, pro se.

FAIN, Judge.

Defendant-appellant, Kathryn L. Billingham, appeals from a decision of the trial court denying her motion for recusal and her motion for sanctions under Civ.R. 11 and R.C. 2323.51. We conclude that the Chief Justice of the Ohio Supreme Court, or a justice designated by him, has the exclusive authority to determine whether a judge of a common pleas court is unable, because of bias and prejudice, to sit in judgment of a case. We further conclude that under the particular circumstances of this case, the trial court did not abuse its discretion in denying Billingham's motion for sanctions. Accordingly, the decision of the trial court denying Billingham's motion for recusal and motion for sanctions is affirmed.

I

Plaintiffs-appellees, James P. Jones and Robert L. Seeley, and defendant-appellant, Kathryn L. Billingham, in October 1992, entered into an agreement to share office space for the purpose of associating in the practice of law as individual practitioners. In March 1994, Jones and Seeley brought this action against Billingham, complaining of numerous wrongful acts by Billingham.

In April 1994, Billingham filed her answer and counterclaim, alleging numerous wrongful acts by Jones and Seeley. Specifically, in her Sixth Count, Billingham alleged as follows:

"26. Defendant-counterclaimant realleges each allegation contained in paragraphs 1 through 25 as if fully rewritten here.

"27. The complaint and other pleadings personally filed herein by plaintiffs lack probable cause, set forth no legitimate theory at law or argument for future modification of the law in full or part, and otherwise was designed simply to harass, embarrass and damage the defendant-counterclaimant personally and professionally.

"28. The aforementioned actions of plaintiffs were undertaken willfully, maliciously and wrongfully.

"29. The aforementioned actions by plaintiffs abused the process of the court.

"30. As a direct and proximate result of the conduct of plaintiffs, defendant-counterclaimant has suffered severe emotional distress, loss of reputation, professional expense, attorney fees, costs, and other assorted losses, thereby damaging defendant-counterclaimant in the amount of not less than $200,000."

On May 4, 1994, an "Agreed Order of Dismissal" was filed, the entire text of which is as follows:

"Pursuant to Rule 41(A)(2) of the Ohio Rules of Civil Procedure, and at the joint request of the parties, the court hereby ORDERS the complaint and counterclaim dismissed, and each pleading is dismissed without prejudice and otherwise than on the merits.

"Each party shall bear his or her own costs.

"The Clerk of this court is hereby ORDERED to release the $500.00 bond posted herein to plaintiff Robert L. Seeley * * *."

On May 25, 1994, Billingham filed a motion for sanctions pursuant to both Civ.R. 11 and R.C. 2323.51, essentially contending that Jones and Seeley's complaint against Billingham was frivolous. At the same time, Billingham filed a motion to have the trial judge recuse himself from further decisions in the case, based upon the fact that before entry of the agreed dismissal of the case without prejudice, the trial judge had agreed that the case should be handled by a visiting judge on the merits, and a visiting judge had been assigned, and for the further reason that the trial judge had disclosed that he had previously been in an office-sharing arrangement with plaintiff-appellee James P. Jones.

On June 1, 1994, the trial court denied both motions, noting that his association with plaintiff-appellee James P. Jones had occurred more than thirty-four years previously, with no close personal contact with James P. Jones since about 1960, and noting further that the judge had no bias or prejudice for or against either party.

From the decision of the trial court denying her motion for sanctions and for recusal, Billingham appeals.

## II

Billingham's first assignment of error is as follows:

"The judge was in error in refusing to recuse himself in this case."

The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. Section 5(C), Article IV, Ohio Constitution. See *Adkins v. Adkins* (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. We conclude that R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.

Billingham's first assignment of error is overruled.

## III

Billingham's second assignment of error is as follows:

"The trial court was in error in overruling the appellant's motion for sanctions."

Specifically, Billingham contends that the trial court erred in finding that the Sixth and Seventh Counts of her counterclaim stated claims pursuant to Civ.R. 11 and R.C. 2323.51, thereby precluding her from filing a motion for sanctions after having voluntarily dismissed her counterclaim.

We conclude that the trial court properly construed Billingham's Sixth Count as embracing claims pursuant to Civ.R. 11 and R.C. 2323.51. Billingham's Seventh Count was simply a recapitulation of all of her other claims, wrapping them all with the contention that the acts of the plaintiffs-appellees were willful, malicious and intentional, and constituted the negligent and/or intentional infliction of severe emotional distress.

Both Civ.R. 11 and R.C. 2323.51 are addressed to frivolous claims. A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of the law. See *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309.

In our view, the Sixth Count of Billingham's counterclaim sets forth a claim that the complaint filed by plaintiffs-appellees is a frivolous claim within the ambit of Civ.R. 11 and R.C. 2323.51.

When both parties, by an agreed entry, dismissed their claims without prejudice, they both abandoned the claims they had pled in this action, without prejudice to those claims being refiled in a future action. In our view, one of those claims abandoned without prejudice by the agreed entry was Billingham's claim that the plaintiffs-appellees had made a frivolous claim against her. Because, in our view, Billingham abandoned that claim in this action, we conclude that the trial court did not abuse its discretion when it denied her motion for sanctions, filed after she had abandoned the claim upon which an award of sanctions would depend.

We note that the result might be different in a case where a claim that the adverse party had made a frivolous claim is not included within the pleading of the party subsequently alleging frivolous conduct. In such a case, the claim of frivolous conduct would be independent, and might survive the dismissal of the pleadings.

In the circumstances of this case, however, we cannot say that the trial court abused its discretion when it denied Billingham's motion for sanctions.

Billingham's second assignment of error is overruled.

## IV

Having overruled both of Billingham's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

BROGAN, P.J., and WOLFF, J., concur.