OPINION
James R. Short ("Short") is appealing from a directed verdict against him by the trial court, sua sponte, made after the close of his case as plaintiff against Alice Short ("Hinman"), his former wife, for illegal internment and the intentional and negligent infliction of emotional distress causing Short pain, suffering, and emotional distress. Short is before this court for a second time on this matter. His first appeal was from a dismissal of his complaint with prejudice. In that appeal, this court found that the trial court had properly granted summary judgment to Hinman on the issue of the ownership of the cemetery plot on grounds of res judicata, but that res judicata did not apply to the emotional distress claim, and we remanded the case back to the trial court for proceedings on that issue. Short v.Hinman (Feb. 13, 1998), Darke App. No. 97CA1443, unreported, (Short I).
The gravamen of Short's complaint against Hinman is that she improperly buried her second husband (Short was her first) in one of three cemetery plots owned by them at the time of their marriage. They had one child during their marriage who died and was buried in the first plot. Hinman remarried, and when her second husband died, she had him buried in the second plot next to the Short's and Hinman's child. Short, pro se, has been waging a court battle against his former wife for the last three years because of her burial of her second husband next to their child.
Upon remand, a jury trial was convened. The transcript of the trial shows that Short presented only one witness, Hinman, on cross-examination, and after he finished with her, he rested his case. The questions to Hinman during the presentation of his case were all designed to make Hinman look bad in front of the jury for what she did. Short himself did not testify and presented no evidence as to the extent of his pain, suffering, and emotional distress as a result of Hinman's action. After Short had rested his case, the trial court said: "I am going to direct a verdict against you, Mr. Short. You have produced no evidence whatsoever as to damages. The court will render a verdict in favor of the defendant and against the plaintiff." Tr. 12.
Short now is appealing from that decision of the trial court and filed with us a pro se brief that does not in any meaningful way comply with the briefing rules of this court. With some help from the appellee's brief, however, we can ascertain that Short is presenting two assignments of error, to-wit: first, that the trial judge was biased against him; and, second that his grave site was stolen from him.
We lack jurisdiction to deal with the question of whether the trial court was biased against him. The law is clear in Ohio that R.C. 2701.03 provides the exclusive means by which a litigant may claim a common pleas judge is biased and prejudiced. "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. Section 5(C), Article IV, Ohio Constitution." Jones v. Billingham (1995), 105 Ohio App.3d 8, 11.
His second argument about his grave site being stolen from him has already been determined. His argument is foreclosed byres judicata. See our decision in Short I, supra.
In his reply brief, Short raises for the first time an argument that the owners of the cemetery, the village of Versailles, Ohio, and its cemetery board, which is hired by the village council, along with the cemetery sexton and the local funeral director, all engaged in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and 2913.01(K)(4), in allowing Hinman to appropriate the grave site in question for the benefit of her second husband. This issue was not raised in Short's complaint, nor at any stage before the trial court, and is presented here for the first time in his reply brief. It is well settled, however, that reply briefs are only to be used to rebut arguments and respond to cross-appeals raised in the appellee's brief, and an appellant may not use a reply brief to raise new assignments of error. App.R. 16(C); State v. McDaniel (July 13, 1994), Miami App. No. 93-CA-38, fn. 3, citing Sheppard v. Mack
(1980), 68 Ohio App.2d 95, 97, fn. 1.
Short's three assignments of error are overruled. We find that the trial court was correct in directing the verdict against Short because he presented absolutely no evidence of damages on his claim for infliction of emotional distress. Short probably felt that the jury could infer the extent of his distress from his questions to his witness, but that is not how to present such a case. The judgment is affirmed.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
James R. Short
Paul Wagner
Hon. Steve A. Yarbrough
(by assignment)