OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted permanent custody of Michael M. ("Michael") to appellee Lucas County Children Services Board ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel, Wesley M. Miller, has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
 "I. THE JUDGMENT OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF THE CHILD TO LCCS WAS NOT IN THE BEST INTERESTS OF THE MINOR CHILD.
 "II. THE TRIAL JUDGE, HAVING BEEN A FRIEND OF THE FAMILY OF THE ALLEGED FATHER OF THE CHILD, COMMITTED PREJUDICIAL ERROR BY NOT RECUSING HIMSELF."
 Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93
set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that she chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On August 17, 1998, LCCS filed a "COMPLAINT IN DEPENDENCY, NEGLECT, ABUSE: PERMANENT CUSTODY AND MOTION FOR SHELTER CARE HEARING." In the complaint, the agency alleged:
1) that it had obtained emergency custody of Michael on August 14, 1998, but was unable to take possession of the child as his whereabouts were unknown; 2) that on August 11, 1998, appellant took Michael to the Toledo Clinic, where staff members noticed a circular burn on the child's hand; when clinic staff attempted to talk to appellant about the burn appellant abruptly left; 3) an emergency staffing was held on August 14, 1998, but appellant did not attend; her mother told the agency that appellant had packed some of the baby's things and left;
4) appellant's whereabouts were unknown at the time of filing the complaint; 5) appellant told a caseworker that she had been using marijuana, alcohol and cocaine during her pregnancy; 6) at least three of appellant's children had been born cocaine positive;
7) appellant had tried nearly every treatment facility in the area pursuant to case planning offered by LCCS but had been unable to remain sober and 8) appellant has a criminal record that reflects her addiction to drugs.
On August 17, 1998, the trial court granted the agency temporary custody of Michael for shelter care placement. On September 17, 1998, an original case plan was filed. On October 26, 1998, Michael's guardian ad litem filed a report in which she recommended that, in the interest of protecting Michael and in light of appellant's longstanding addictions, permanent custody be granted to LCCS.
On October 29, 1998, a hearing was held on the agency's motion for permanent custody. The court first heard evidence as to adjudication and, at the conclusion of the testimony, found Michael to be neglected and abused. The case then proceeded to disposition and the court heard the following relevant testimony.
Rebecca Pasko, a caseworker for LCCS, testified that appellant first became involved with the agency in June 1990 and that appellant has lost custody of six other children. Pasko testified that drug abuse was the primary reason for removal of the first several children from the home and physical abuse was the main reason appellant lost custody of the remaining children. She further testified that case plan services including drug treatment, counseling, parenting classes and in-home family aid were offered appellant in connection with all of the children. Pasko stated that appellant never completed any of the services and that her longest period of sobriety was for nine months in 1993. Pasko testified that due to appellant's extensive history of failing to complete inpatient, outpatient and detox services, it would be in Michael's best interest to award permanent custody to LCCS. She further stated that the agency had investigated placement with family but that there was not an appropriate family member available at that time. Pasko testified that she was aware appellant was currently in a treatment program at Compass but said she did not have current information on appellant's progress. Appellee then rested its case.
Appellant presented the testimony of Betty Woodard, a chemical dependency counselor with Hope for Families. Woodard testified that she initially had contact with appellant in July 1998 when appellant was pregnant. Woodard stated that appellant had been drug free since that April and wanted to receive services so that the baby would be healthy. She testified that she saw appellant in group sessions five days a week beginning July 10, 1998. Michael was born on July 23, 1998, and Woodard saw appellant again in September when appellant called her for a referral to another treatment program. Woodard assisted appellant in getting into a program at Compass. Woodard further testified that she believes appellant has matured somewhat and is asking for help and has a willingness Woodard had not previously seen. She stated that, based on appellant's history, she does not know if appellant will succeed in remaining drug free and does not see how one could expect anything to be different this time. She described appellant as a "chronic relapser." Woodard testified that appellant has a history of not seeking help until she is in a crisis situation and has not remained sober long enough to provide for her children. The guardian ad litem for Michael then testified that, after hearing all of the evidence presented, she stands by her written recommendation that permanent custody be granted to LCCS.
At the conclusion of the hearing, the trial court granted permanent custody of Michael to LCCS. In its judgment entry filed November 17, 1998, the trial court found that:
1) appellant had attended every substance abuse treatment facility in this area, some of them more than once, including ten times at Compass; 2) appellant has always relapsed after treatment and has been unable to maintain sobriety for any significant period of time; 3) appellant was in treatment at Compass at the time of the hearing; 4) appellant was described by one witness as a "chronic relapser;" 5) Michael is an adoptable child and adoption would be in his best interest; 6) permanent termination of parental rights is necessary to insure a stable and secure future for Michael and 7) there was clear and convincing evidence that Michael could not or should not be placed with a parent within a reasonable time. It is from that judgment that appellant appeals.
In her first potential assignment of error, appellant asserts that the trial court's decision was not in Michael's best interest.
R.C. 2151.414 provides in pertinent part:
 "(B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 "(1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
"* * *
 "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A) (4) of section 2151.353 [2151.35.3] or division (C) of section 2151.415 [2151.41.5] of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
"(3) The custodial history of the child;
 "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 [2151.35.3] of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 [2151.35.3] of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 "(2) Chronic * * * chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *."
"* * *
 "(12) Any other factor the court considers relevant." [Emphasis added.]
Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954),161 Ohio St. 469.
This court has thoroughly reviewed the record of proceedings in the trial court and, upon consideration thereof, we find that there was clear and convincing evidence to support the lower court's finding that it was in the best interest of Michael M. to grant permanent custody to Lucas County Children Services. The trial court heard extensive testimony as to appellant's drug dependency and repeated relapses after short periods of sobriety. Accordingly, this court finds that: 1) in determining the best interest of Michael M., the trial court considered the relevant factors pursuant to R.C. 2151.414(D) and the trial court's decision was in Michael's best interest and
2) the trial court's decision was supported by clear and convincing evidence. Accordingly, appellant's first potential assignment of error is not well-taken.
In her second potential assignment of error, appellant asserts that the trial judge should have recused himself because he was a friend of the family of Michael's alleged father. InJones v. Billingham (1995), 105 Ohio App.3d 8, 11, the court held that R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." R.C. 2701.03 states that "(1) If a judge of the court of common pleas allegedly is interested in a pending proceeding before the court, allegedly is related to or has a bias or prejudice against a party to a proceeding pending before the court or a party's counsel, * * * any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court * * *."
The record shows that the alleged father, Robert S., left the courtroom before the hearing began because he did not wish to be involved in the proceedings. His counsel was granted leave to withdraw. The judge then explained that he knew the alleged father's family and that, had Robert S. remained involved in the case, the judge would have recused himself. The judge asked counsel for appellant and appellee if they had any objections to his hearing the case and they responded that they did not. Upon thorough consideration of the foregoing, we find that there is no evidence to indicate that the judge was biased toward either of the parties in this case and that appellant failed to raise any objection in the trial court. Accordingly, appellant's second potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski, J., CONCUR.