OPINION
Appellant Glenn Adkins appeals his conviction in the Court of Common Pleas, Morrow County. The relevant facts leading to this appeal are as follows.
On August 12, 1999, appellant was indicted on four counts of rape, four counts of gross sexual imposition, and one count of attempted rape. The trial court conducted a jury trial on January 31, 2000. During the trial, the state was permitted to introduce evidence of a 1992 case, involving other victims, in which appellant pled guilty to charges of gross sexual imposition and sexual battery. On February 2, 2000, the jury returned a verdict of guilty on all nine counts. On February 25, 2000, appellant was sentenced to life in prison for the rape charges, five years in prison on each count of the gross sexual imposition charges, and eight years on the attempted rape charge.
On March 20, 2000, appellant filed a notice of appeal, and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED WHEN IT ADMITTED EVIDENCE OF APPELLANT'S PRIOR ACTS.
 II. THE TRIAL JUDGE SHOULD HAVE RECUSED HIMSELF FROM APPELLANTS CASE BASED ON THE FACT THAT HE WAS THE PROSECUTOR ON THE CASE THE STATE SOUGHT TO ADMIT TO SHOW EVIDENCE OF APPELLANT'S PRIOR SEXUAL CONDUCT.
 I
In his first Assignment of Error, appellant argues that the introduction of evidence of prior acts was reversible error in violation of Evid.R. 404(B), which states as follows:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
Our standard of review on such evidentiary matters is that of abuse of discretion. State v. Rahman (1986), 23 Ohio St.3d 146, 152. The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, unreported, at 2.
Thus, the issues raised in this Assignment of Error would mandate our review of the transcript. A review of the file on appeal reveals that appellant, although apparently ordering a transcript from the court reporter on June 2, 2000, has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A). Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197,199.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant argues that the trial judge erred in failing to recuse himself, based on his alleged knowledge of appellant's previous conviction.
In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. Jones v. Billingham (1995),105 Ohio App.3d 8, 11. Common pleas litigants in this type of situation must bring any challenge to the trial judge's objectivity by way of the procedure set forth in R.C. 2701.03. See In re Baby Boy Eddy (Dec. 6, 1999), Fairfield App. No. 99CA22, unreported, citing In re Miller (July 16, 1999), Montgomery App. No. 17592, unreported, at 2. Since only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of bias or prejudice of the judge. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-42.
Appellant has provided us with no indication that he pursued a proper recusal request, nor that he at least entered an objection to the presence of the trial judge. We are therefore without jurisdiction to review appellant's arguments in this regard.
Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.