OPINION
{¶ 1} Stephen DuPuy appeals, pro se, from a judgment of the Miami County Court of Common Pleas, which granted summary judgment in favor of Unizan Bank, National Association ("Unizan").
 {¶ 2} On April 13, 1999, Lydia Callison, Treasurer of Miami County ("the Treasurer") filed a complaint for foreclosure of delinquent real estate taxes against DuPuy. The subject real property is located at 2804 State Route 48, Ludlow Falls, Ohio ("the Property"). Unizan[1] was also named as a defendant because it held the first mortgage on the Property. On May 10, 1999, Unizan filed an answer, counterclaim, and cross-claim. In its cross-claim against DuPuy, Unizan sought judgment on a promissory note and foreclosure of its mortgage on the Property.
 {¶ 3} On August 16, 1999, the trial court issued a default judgment entry and decree of foreclosure in favor of the Treasurer. The court concluded that DuPuy owed delinquent taxes on the property and directed that the Property be sold. A sheriff's sale was scheduled for October 6, 1999. Prior to the sale, DuPuy appealed the default judgment entry and decree of foreclosure to this Court. That appeal was eventually dismissed on July 12, 2001. On October 5, 1999, DuPuy filed for bankruptcy, resulting in the cancellation of the sale. That bankruptcy petition was voluntarily dismissed on November 8, 1999. A second petition was filed on November 19, 1999 and was ultimately dismissed on October 11, 2000.
 {¶ 4} On March 8, 2001, the trial court reactivated the portions of the case that were not on appeal to this court. On July 30, 2001, during the pendency of DuPuy's appeal of the default judgment and decree of foreclosure and following the dismissal of DuPuy's second bankruptcy petition, Unizan filed a motion for summary judgment on its cross-claim. DuPuy filed a partial response on August 6, 2001, in which he sought additional time to file a full response. The trial court granted that request on September 19, 2001. However, on August 9, 2001, prior to the trial court's granting of DuPuy's request for additional time, DuPuy filed his third bankruptcy petition. This petition was dismissed on January 24, 2002.
 {¶ 5} On February 1, 2002, on Unizan's motion, the trial court reactivated the case and ordered that any party intending to file a response to Unizan's motion for summary judgment must do so by February 15, 2002. On February 15, 2002, DuPuy filed a motion requesting that his time to file a response be extended to March 5, 2002. However, on February 22, 2002, DuPuy filed his fourth bankruptcy petition. On June 20, 2002, the bankruptcy court dismissed DuPuy's petition with prejudice and barred him from refiling for 180 days.
 {¶ 6} On July 17, 2002, again upon Unizan's motion, the trial court reactivated the case and ordered that any party wishing to file a response to Unizan's motion for summary judgment do so by August 5, 2002. On that date, DuPuy filed a motion seeking either a stay of the proceedings or additional time to respond to the motion. The trial court overruled DuPuy's motion on September 5, 2002. DuPuy also filed a motion for the recusal of the trial court judge on August 5. That motion was overruled by the trial court on September 9, 2002.
 {¶ 7} On September 10, 2002, the trial court granted Unizan's motion for summary judgment and directed that the Property be sold. DuPuy appeals from this judgment.
 {¶ 8} DuPuy has not asserted any assignments of error but merely divides his argument into five "issues."
 Issue No. 1 {¶ 9} DuPuy first argues that the trial court erred in reactivating the case because it did not have jurisdiction while the case was on appeal to this Court. Although DuPuy does not specifically identify the reactivation to which he is referring, we assume given the context of his argument that he is referring to the March 8, 2001 reactivation.
 {¶ 10} It is well-settled that a trial court retains jurisdiction over matters collateral to an appeal. See, e.g., State ex rel. Neff v.Corrigan, 75 Ohio St.3d 12, 15, 1996-Ohio-231, 661 N.E.2d 170. Accordingly, the First District Court of Appeals has held:
 {¶ 11} "Where a trial court enters judgment on a complaint, stating that there is no just cause for delay, and a timely appeal is taken from that judgment, the appeal does not divest the trial court of jurisdiction to rule on a remaining counterclaim where the issues raised in the counterclaim are collateral to those raised in the appeal, and where the appellate court's ability to decide the appeal is not affected by any ruling the trial court might make on the counterclaim." CincinnatiBengals, Inc. v. Cincinnati (1989), 57 Ohio App.3d 122, 567 N.E.2d 284, syllabus.
 {¶ 12} The appeal to this court involved a default judgment entered against DuPuy on a tax foreclosure complaint. On appeal, the only issue was whether that default judgment should be affirmed. No issues regarding Unizan's counterclaim or cross-claim were appealed. Thus, the remaining issues in the trial court concerned Unizan's counterclaim and cross-claim and whether Unizan was entitled to obtain monetary relief on a promissory note and foreclose on its mortgage on the Property. These issues are clearly collateral to those on appeal, and the trial court therefore retained jurisdiction to reactivate the case. Furthermore, no action was taken on the case at that point. DuPuy filed two additional bankruptcy petitions, and the case was twice again reactivated by the trial court following the dismissal of each of those petitions. At the time that the case was reactivated for a final time on July 17, 2002, the appeal of the default judgment had been dismissed by this Court, and there was no question that the trial court had jurisdiction over the case.
 {¶ 13} DuPuy also argues that the trial court did not have jurisdiction over him because he had not received notice until after the default judgment was entered against him. This argument would have been properly made in DuPuy's appeal of the default judgment, which was dismissed because DuPuy did not file a timely notice of appeal. In any case, the record clearly reveals that DuPuy was served with notice of Unizan's counterclaim and cross-claim by mail on May 23, 2001. Therefore, as to Unizan's counterclaim and cross-claim, there is no question that DuPuy received proper notice.
 {¶ 14} Accordingly, DuPuy's first issue is without merit and is overruled.
 Issue No. 2 {¶ 15} In his second argument, DuPuy contends that the trial court failed to rule on his August 5, 2002 motion to either stay the proceedings or grant him additional time in which to file a response to Unizan's motion for summary judgment. However, the record clearly reveals that the trial court overruled this motion on September 5, 2002. The court's order indicates that a copy was sent to DuPuy, and Unizan served DuPuy with a copy on September 19, 2002.
 {¶ 16} DuPuy's second issue is overruled.
 Issue No. 3 {¶ 17} DuPuy argues that the trial court erred in reactivating the case on July 17, 2002 because the case remained under a bankruptcy stay at that time. He concedes that the bankruptcy court had dismissed his petition with prejudice; however, he contends that the trial court could not reactivate the case until the bankruptcy court issued an order for the clerk of courts to dismiss the case. We can only assume that DuPuy is arguing that the trial court should not have reactivated the case until the bankruptcy case had been closed.
 {¶ 18} DuPuy's argument is without merit. It is well-settled that a bankruptcy stay is terminated by either the dismissal or closing of a bankruptcy case, whichever is first. See Section 362(c)(2), Title 11, U.S. Code. Therefore, dismissal of the bankruptcy petition terminated the automatic stay of the proceedings in the trial court. See, also, In reSolar Equip. Corp. (W.D.La. 1982), 19 Bankr. Rptr. 1010, 1011. DuPuy's petition was clearly and unequivocally dismissed by the bankruptcy court on June 20, 2002. Therefore, the automatic stay terminated on June 20, 2002. The trial court did not err in reactivating the case on July 17, 2002.
 {¶ 19} DuPuy also argues that the trial court should have granted his August 5, 2002 motion for additional time in which to respond to Unizan's motion for summary judgment. Given the history of this case, we cannot conclude that the trial court erred in overruling DuPuy's motion. DuPuy had had ample opportunity over the course of a year within which to formulate a response to Unizan's motion for summary judgment.
 {¶ 20} DuPuy's third issue is overruled.
 Issue No. 4 {¶ 21} DuPuy argues that the trial court erred in denying his motion to recuse the trial court judge. This motion was based upon DuPuy's belief that the court had engaged in ex parte communications with Unizan's attorney and with an attorney unrelated to this case. DuPuy argued that the fact that an order reactivating the case was printed on the letterhead of Unizan's attorney indicated that the court had engaged in improper dealings with Unizan's attorney. He further argued that an attorney in another case knew a date pertinent to this case that he could not have known absent some improper communication by the court.
 {¶ 22} DuPuy's remedy if he believed the trial court judge to be biased against him was to file an affidavit of prejudice with the Supreme Court of Ohio as provided by R.C. 2701.03. Pursuant to this procedure, the Chief Justice of the Ohio Supreme Court or his designee determines whether the judge is biased or prejudiced. See Beer v. Griffith (1978),54 Ohio St.2d 440, 441, 377 N.E.2d 775. See, also, Section 5(C), ArticleIV, Ohio Constitution. This is "the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v.Billingham (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657. Thus, we are without authority to address this issue. See Beer, supra; Jones, supra.
 {¶ 23} DuPuy's fourth issue is overruled.
 Issue No. 5 {¶ 24} In his final issue, DuPuy argues that the trial court judge erred by not signing his name to certain documents, including an order reactivating the case, the order granting summary judgment, and the decree of foreclosure. He contends that these documents bear only a stamped signature. However, our review of the record indicates that each of these documents bear the actual signature of the trial court judge.
 {¶ 25} Accordingly, DuPuy's fifth issue is overruled.
 {¶ 26} The judgment of the trial court will be affirmed.
GRADY, J. and YOUNG, J., concur.
[1] Unizan is the successor in interest to both Milton Federal Savings Bank and Bank First National. Accordingly, we will refer to Unizan throughout this opinion regardless of which bank was the named party at a particular time in the proceedings.