OPINION
{¶ 1} Defendant-appellant, Donald L. Mulholland, appeals his sentence in the Mahoning County Common Pleas Court for numerous charges.
 {¶ 2} This case stems from appellant's guilty pleas to numerous charges arising from three separate incidents and three attendant indictments.
 {¶ 3} On April 8, 2003, appellant broke into his stepfather's home and took several firearms, home stereo equipment, and approximately $400 in coins. As a result, on May 8, 2003, a Mahoning County grand jury indicted appellant on one count of burglary in violation of R.C.2911.12(A)(1)(C), a second-degree felony. That case was assigned lower court case No. 03 CR 462.
 {¶ 4} On May 10, 2003, appellant broke into a car wash and removed bill and coin machines and other coin containers from the business. When arrested later, he was in possession of some of the property taken from the car wash along with some checks taken from a pizza shop. On June 5, 2003, a Mahoning County grand jury indicted appellant as follows: Count one — breaking and entering in violation of R.C. 2911.13(A)(C), a fifth-degree felony; Count two — vandalism in violation of R.C.2909.05(B)(1)(a)(E), a fifth-degree felony; and Counts three and four — receiving stolen property in violation of R.C. 2913.51(A)(C), fifth-degree felonies. That case was assigned lower court case No. 03 CR 587.
 {¶ 5} On July 9, 2004, while out on bond, appellant fired shots at Marcel Bailey and one of the bullets struck the home of a neighbor. On August 12, 2004, a Mahoning County grand jury indicted appellant as follows: Count one — attempted murder in violation of R.C. 2923.02(A)(E) and R.C. 2903.01(A)(D), a first-degree felony; Count two — improperly discharging a firearm at or into a habitation in violation of R.C.2923.161(A)(1)(C), a second-degree felony; Count three — having weapons while under disability in violation of R.C. 2923.13(A)(4)(B), a third-degree felony; and Count four — possession of a dangerous ordnance in violation of R.C. 2923.17(A)(D), a fifth-degree felony. Counts one, two, and four also carried a firearm specification pursuant to R.C.2941.146(A). That case was assigned lower court case No. 04 CR 944.
 {¶ 6} On February 9, 2005, the trial court granted the state's motion to join the three cases together. At a change of plea hearing conducted on August 25, 2005, appellant pleaded guilty to all of the counts contained within the three indictments. A sentencing hearing was held on September 19, 2005. Because appellant had agreed to give testimony in two other pending criminal cases involving other defendants, the state recommended a nine year term of imprisonment.
 {¶ 7} That same day, the trial court filed three separate judgment entries of sentence. For lower court case No. 03 CR 462 (burglary), the trial court sentenced appellant to three years in prison. For lower court case No. 03 CR 587, the trial court sentenced appellant to terms of imprisonment as follows: Count one (breaking and entering) — one year; Count two (vandalism) — one year to be served concurrently with Count one; Count three (receiving stolen property) — six months to be served concurrently with Count two; Count four (receiving stolen property) — six months to be served concurrently with Count two; and to be served concurrently with lower court case Nos. 03 CR 462 and 04 CR 944. For lower court case No. 04 CR 944, the trial court sentenced appellant to terms of imprisonment as follows: Count one (attempted murder) — three years with a five year mandatory prison term on the weapon to be served prior to and consecutive with the three year sentence for Count one; Count two (improperly discharging a firearm at or into a habitation) — five years to be served consecutively with Count one; Count three (having weapons while under disability) — two years to be served concurrently with Count two; and Count four (possession of a dangerous ordnance) — one year to be served concurrently with Count three for a total of thirteen years to be served consecutively with sentences imposed for lower court case Nos. 03 CR 462 and 03 CR 587. This appeal followed.
 {¶ 8} Appellant's sole assignment of error states:
 {¶ 9} "UNDER THE UNITED STATES CONSTITUTION, ARTICLE XIV, A CRIMINAL DEFENDANT IS GUARANTEED DUE PROCESS OF LAW WHICH MUST INCLUDE A SENTENCE PASSED BY A FAIR AND IMPARTIAL JUDGE WHO MUST REMAIN NEUTRAL AND DETACHED WHEN IMPOSING SENTENCE."
 {¶ 10} In this case, the trial court sentenced appellant to more than minimum sentences finding, pursuant to R.C. 2929.14(B), that the shortest terms of imprisonment would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime. The trial court also sentenced appellant to maximum terms based on its finding that appellant poses the greatest likelihood of recidivism. R.C. 2929.14(C).
 {¶ 11} While this appeal was pending, the Ohio Supreme Court held that the provisions of the Revised Code relating to nonminimum (R.C.2929.14[B]), maximum (R.C. 2929.14[C]), and consecutive sentences (R.C.2929.14[E][4]) are unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus.(Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, followed.)[1]
 {¶ 12} The Court went on to hold that those unconstitutional provisions could be severed. Id., paragraphs two and four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 13} Here, since the trial court's imposition of a more than minimum sentence was based on R.C. 2929.14(B), which has been found unconstitutional in Foster, appellant's sentence must be reversed accordingly.
 {¶ 14} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the trial court no longer needs to give reasons or findings prior to imposing maximum, consecutive and/or more than minimum sentences. The Court held that:
 {¶ 15} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protectSixth Amendment principles as they have been articulated.
 {¶ 16} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 17} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1. In Mathis, the Court clarified Foster adding:
 {¶ 18} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 19} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after theBlakely decision was announced. The Ohio Supreme Court inFoster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653.
 {¶ 20} Appellant also argues that the trial court violated due process by demonstrating "bias and a vindictive nature" toward him. (Appellant's Brief, p. 9). Specifically, appellant refers to portions of the sentencing hearing transcript where the trial court refers to him as a "snitch" and comments on the effect his incarceration will have on his young daughter.
 {¶ 21} It is true that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law.State v. Lamar, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, at ¶ 34, citing Rose v. Clark (1986), 478 U.S. 570, 577, 106 S.Ct. 3101;Tumey v. Ohio (1927), 273 U.S. 510, 534, 47 S.Ct. 437. However, "[t]he Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8,11, 663 N.E.2d 657, citing Section 5(C), Article IV, Ohio Constitution;Adkins v. Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. R.C. 2701.03
provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Id. R.C. 2701.03(A) provides:
 {¶ 22} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 23} An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993),88 Ohio App.3d 394, 398, 623 N.E.2d 1336. Therefore, we are without jurisdiction to reverse the trial court's decision on this basis alone.
 {¶ 24} However, in this case, appellant's sentence must be reversed on the basis of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Accordingly, to that extent, appellant's sole assignment of error has merit.
 {¶ 25} The judgment entry of the trial court is hereby reversed and this matter remanded for resentencing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
Vukovich, J., concurs. Waite, J., concurs.
[1] On September 5, 2006, plaintiff-appellee, State of Ohio, filed a response/answer with this Court confessing error based on theFoster decision.