OPINION
Franklin Coonrod was convicted by a jury in the Clark County Court of Common *Page 2 
Pleas of rape, in violation of R.C. 2907.02(A)(1)(b), and gross sexual imposition, in violation of R.C. 2907.05(A)(4). The court sentenced him to life in prison with the possibility for parole after ten years for the rape and to five years in prison for gross sexual imposition, to be served consecutively. The court classified Coonrod as an aggravated sexually oriented offender. Coonrod appeals from his conviction, arguing that the trial judge should not have presided over his trial. For the following reasons, Coonrod's conviction will be affirmed.
 {¶ 1} On July 10, 2006, Coonrod was indicted for rape with the specification that the victim was under ten years of age at the time of the offense. State v. Coonrod, Clark Case No. 06-CR-777. The charge arose out of sexual conduct with his step-granddaughter. On August 17, 2006, Coonrod filed a motion in limine, seeking to exclude, among other things, evidence of "prior bad acts" under Evid.R. 404. Specifically, Coonrod sought to exclude allegations from his step-daughter, the victim's mother, that he had molested her approximately twenty years earlier.
 {¶ 2} On August 28, 2006, the trial court heard argument on the motion in limine. At that time, the court indicated that it would like to review the case law that Coonrod had provided and that it wanted to hear the recorded telephone conversations between Coonrod and his step-daughter. On September 12, 2006, the trial court filed an entry stating that the temporal relationship between the other evidence and the charged offense would have no bearing on the admissibility of the prior bad acts evidence if the fact patterns are similar and if there is a peculiar and unique pattern of activity established. The court scheduled an evidentiary hearing on that issue.
 {¶ 3} On September 29, 2006, the court held an evidentiary hearing, during which the stepdaughter testified to the prior sexual conduct. On October 3, 2006, the trial court overruled the motion in limine to exclude the "other acts" evidence. The court concluded that Coonrod's prior acts *Page 3 
were similar to the charged offenses and that the state had established a "peculiar and unique pattern of activity." The court thus concluded that "the temporal relationship between the other acts evidence and the charged crime, while perhaps relevant as to the weight of the evidence, is irrelevant as to its admissibility." The court further found that the recorded telephone conversations "clearly raised the issue of accident, mistake, and/or lack of intent." Finally, the court concluded that the other acts evidence was "so intertwined with the defendant's incriminating statements * * * that it would be prejudicial to the State of Ohio if it was excluded." The court noted that the state had the discretion to determine to what extent it would use the other acts evidence.
 {¶ 4} On October 16, 2006, the state filed a second indictment for rape, with the specification that the victim was less than ten years old at the time of the offense, and added a charge of gross sexual imposition, with both charges again arising out of Coonrod's sexual activity with his step-granddaughter. State v. Coonrod, Clark Case No. 06-CR-1198. A trial on these charges began on December 18, 2006. At trial, the state declined to use evidence of Coonrod's prior acts with his step-daughter, although such evidence had been preliminarily deemed admissible in the court's denial of the motion in limine. The jury found Coonrod guilty of both counts, and the court sentenced him accordingly. The original indictment was dismissed on December 20, 2006, the same day that Coonrod was sentenced.
 {¶ 5} Coonrod appeals from his conviction, raising one assignment of error.
 {¶ 6} "THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL, DUE PROCESS OF LAW AND A FAIR AND UNBIASED JUDGE, AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS, WHEN THE SAME JUDGE WHO RULED ON THE ADMISSIBILITY OF `OTHER ACTS' EVIDENCE INVOLVING ALLEGATIONS OF *Page 4 
CHILD MOLESTATION WAS THE SAME JUDGE WHO PRESIDED AT APPELLANT'S TRIAL"
 {¶ 7} Although Coonrod's assignment of error asserts error due to the trial court's presiding over his trial, his argument is two-pronged. Initially, Coonrod asserts that the "other acts" evidence regarding his step-daughter was inadmissible and that the trial court erred in overruling the motion in limine. Coonrod states that the state "essentially conceded the inadmissibility of the other acts evidence when it declined to introduce that evidence despite the trial court's ruling in its favor." Coonrod next asserts that, by presiding over the evidentiary hearing on the motion in limine, the trial judge became biased against him and, consequently, the trial judge should not have presided over the trial.
 {¶ 8} Coonrod's arguments fail for several reasons.
 {¶ 9} A court's ruling on a motion in limine "is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of [an] evidentiary issue." State v. Grubb
(1986), 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142, 145. "A denial of a motion in limine does not preserve error for review. A proper objection must be raised at trial to preserve error." State v. Brown (1988),38 Ohio St.3d 305, 311-12, 528 N.E.2d 523, citing State v. Maurer (1984),15 Ohio St.3d 239, 259, 473 N.E.2d 768; State v. Berry (Feb. 12, 1999), Montgomery App. No. 17155.
 {¶ 10} Although Coonrod devotes much of his appellate brief to the merits of the trial court's denial of the motion in limine, we need not address the correctness of that order. Coonrod understandably has not asserted an assignment of error related to the denial of the motion in limine. It is undisputed that the state did not offer at trial the evidence regarding Coonrod's prior sexual activity with his step-daughter. Consequently, the denial of the motion in limine — a tentative ruling *Page 5 
— did not prejudice Coonrod, and any error in that order, if reviewable, would be harmless.
 {¶ 11} Coonrod's primary argument is that the trial judge should not have presided over his trial, because he had heard prejudicial evidence regarding Coonrod during the evidentiary hearing on the motion in limine.
 {¶ 12} "R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for prejudice. Under that statute, a party may file an affidavit of disqualification with the clerk of the supreme court. The Chief Justice of the Supreme Court of Ohio or his designee determines whether the judge is biased or prejudiced. Callison v. DuPuy, Miami App. No. 2002 CA 52, 2003-Ohio-3032, ¶ 22, citing Beer v. Griffith (1978), 54 Ohio St.2d 440,441, 377 N.E.2d 775 and Section 5(C), Article IV, Ohio Constitution. This procedure provides `the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.' Jones v.Billingham (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657." State v.Galluzzo, Champaign App. No. 2004-CA-25, 2006-Ohio-309, ¶ 15;Mathewson v. Mathewson, Greene App. No. 05-CA-35, 2007-Ohio-574, ¶ 36.
 {¶ 13} Coonrod did not seek the disqualification of the trial judge under R.C. 2701.03. Accordingly, we have no authority to review the issue of the trial judge's alleged bias and prejudice.
 {¶ 14} Even if we were to address the issue, we would find no basis for the disqualification of the trial judge. In support of his argument, Coonrod relies upon State v. Gillard (1988), 40 Ohio St.3d 226,533 N.E.2d 272, in which the supreme court held that "when the state seeks to obtain relief from discovery or to perpetuate testimony under Crim.R. 16(B)(1)(e), the judge who disposes of such motion may not be the same judge who will conduct the trial." Gillard, 40 Ohio St.3d 226 at paragraph one of the syllabus. The Gillard court reasoned that the evidence, presented ex parte, was *Page 6 
not "merely evidence of guilt" but portrayed the defendant "as a dangerous person and a subverter of the criminal justice system." Id. at 229. The court continued:
 {¶ 15} "Moreover, some such information will be placed before the court in every case where the prosecutor makes a certification under Crim.R. 16(B)(1)(e). It is the very purpose of the rule to place such information before the court so that witnesses may be protected. But where the judge who hears and is persuaded to act upon this type of information then presides over the trial, the appearance of fairness is impaired and fairness itself is jeopardized." Id.
 {¶ 16} The Gillard court distinguished hearings under Crim.R. 16(B)(1)(e) from other pretrial hearings. It specifically recognized that "judges preside at hearings on motions to suppress evidence, exposing themselves to probative evidence of guilt that may later prove inadmissible, and that this exposure does not taint their impartiality." Id.
 {¶ 17} In our view, the hearing on Coonrod's motion in limine merely exposed the trial court to probative evidence of guilt and not to the evidence with which Crim.R. 16(B)(1)(e) is concerned. Accordingly, the present circumstances are not analogous to Gillard, and Gillard did not provide a basis for the trial judge's disqualification.
 {¶ 18} Furthermore, we have reviewed the entire transcript of proceedings, and we find nothing in the record that would support a claim that the trial judge was biased or prejudiced against Coonrod.
 {¶ 19} The assignment of error is overruled.
 {¶ 20} The judgment of the trial court will be affirmed.
GRADY, J., concurs.
 FAIN, J., concurs in judgment only. *Page 7