DECISION AND JUDGMENT ENTRY
{¶ 1} Tyrone Cumberland appeals the trial court's judgment convicting him of trafficking in crack cocaine and possession of crack cocaine following his guilty plea to a bill of information. He contends that he did not knowingly, voluntarily, and intelligently plead guilty because (1) the court did not engage in an appropriate Crim.R. 11 dialogue, (2) the fact that he pled guilty only to avoid the state trying his parents for the crimes implies coercion, and (3) the trial judge previously represented him. However, the record reflects that the trial court scrupulously engaged in a Crim.R. 11 dialogue and that Cumberland's decision to exculpate his parents by inculpating himself was his own informed choice. Likewise, Cumberland's assertion that his guilty plea is invalid because the trial judge, who had previously represented him, was biased or partial, rings hollow. R.C. 2701.03 provided him with the exclusive means to challenge the presiding judge by filing an affidavit of prejudice with the Supreme Court. We, as an intermediate appellate court, have no authority to void a judgment based upon a judge's alleged bias or partiality. Therefore, nothing in the record shows that Cumberland's guilty plea was anything other than knowing, intelligent, and voluntary.
 {¶ 2} Cumberland next asserts that the trial court erred by imposing a mandatory three-year prison term. Because mandatory minimum sentences for certain heinous crimes are rationally related to the legitimate state interest of punishing criminal offenders and protecting the public, they do not offend due process.
 {¶ 3} Cumberland further asserts that unspecified errors occurred that deprived him of a fair proceeding. We have found no errors that deprived him of a fair proceeding. Therefore, we affirm the court's judgment.
 {¶ 4} After law enforcement officers discovered crack cocaine in the home of John and Winifred L. Cumberland (Tyrone Cumberland's parents), the state filed criminal charges[1] against them. On the date that they were set for trial, Cumberland admitted that the crack cocaine belonged to him and that his parents knew nothing of it. Thus, on that same date, Cumberland agreed to plead guilty to a bill of information charging him with trafficking in crack cocaine and possession of crack cocaine. The state then agreed to dismiss the charges against his parents.
 {¶ 5} At a hearing on the bill of information and Cumberland's plea, the court stated: "It is the Court's understanding that at this time the defendant, Tyrone Cumberland, will be going up on a bill of information and waiving his rights to have the Grand Jury consider this matter. And that the proposal is that he would then immediately enter a plea of guilty to trafficking in Crack Cocaine, in violation of Section 2925.03(B) being a third degree felony, and that he would also enter a plea to possession of crack cocaine, in violation of Section 2925.11 of the Ohio Revised Code, also being a third degree felony. And that we would be proceeding upon a bill of information that was filed here on today's date of June 14, 2004."
 {¶ 6} The court advised Cumberland (1) that he had the right to have a grand jury to consider the charges, (2) of the nature of the charges and the degree of felony, (3) of the maximum sentence, and (4) that of the maximum sentence, a three year prison term is mandatory. The court specifically stated that "the bill of information would involve an absolute minimum of three years of incarceration * * *. It also would involve that we would be proceeding with sentencing today and that you would be waiving any right that you have to a pre-sentence investigation." The court asked Cumberland whether he had any questions about grand jury proceedings and about the bill of information. He replied, "no." Cumberland stated that he had discussed the matter with his attorney, and that although he had just received the bill of information, he did not want to wait any time but wanted to proceed.
 {¶ 7} The court asked whether Cumberland understood the charges. Cumberland stated that he was aware of the charges and had discussed any possible defenses with his counsel. The court inquired whether Cumberland was satisfied with counsel, and he stated he was. Cumberland stated that he was not under the influence of any drugs or alcohol and that no one threatened him to plead guilty or made promises, except as noted, to induce him to plead guilty. The court noted that the state agreed to recommend three years on count one and two years on count two and that Cumberland waived any right to a presentence investigation.
 {¶ 8} The court advised Cumberland of the rights he waives by pleading guilty: (1) the right to a jury trial; (2) the right to confront and cross-examine witnesses; (3) the right to subpoena witnesses; (4) the right to have the state prove his guilt beyond a reasonable doubt; and (5) his right against self-incrimination. The court asked Cumberland whether he entered his pleas voluntarily and after he stated "yes," the court found him guilty.
 {¶ 9} The court next considered Cumberland's sentence, noting all parties agreed that this was apparently his first felony. During the sentencing phase, the judge realized that he previously represented Cumberland. At that point, the judge asked Cumberland: "Is there anything about that representation that would cause you to want some other Judge to sentence you?" Both Cumberland and his counsel replied no. The court then sentenced appellant to a mandatory three-year prison term on the trafficking count and three years on the possession count, to be served concurrently.
 {¶ 10} Cumberland assigns the following errors: "First Assignment ofError: A plea that is not made knowingly, intelligently and voluntarily is unconstitutional under the U.S. and Ohio Constitutions. SecondAssignment of Error: The trial court violated the appellant's right to due process of law by sentencing him to an arbitrary term of imprisonment after the appellant brought forward exculpatory evidence in his parent's criminal trial. Third Assignment of Error: Cumulative errors deprived the appellant of a voluntary plea and a just sentence."
 I {¶ 11} In his first assignment of error, Cumberland contends that the court erroneously accepted his guilty plea when he did not knowingly, intelligently, and voluntarily enter that plea. Cumberland asserts that the court did not engage in a proper Crim.R. 11(C) inquiry. Specifically, he claims that he did not subjectively understand that by pleading guilty, he not only waived his right to a trial, but also his right to file any pretrial motions. He further complains that he decided to plead guilty based upon the state's agreement to dismiss charges against his parents: "That such a plea agreement upon which one's elderly parents' freedom depends should be accepted by the court without any further inquiry other than a Crim.R. 11(C) recitation raises issues of due process outside of the Criminal Rules and certainly should have alerted the court that the plea herein bore indicia of coercion." He also contends that the trial court should have exercised additional caution in accepting his plea because the trial judge previously represented him in a prior matter.
 {¶ 12} Generally, a defendant who pleads guilty or no contest waives all non-jurisdictional defects in the proceedings. See Crim.R. 11 (B)(1); see, also, United States v. Broce (1989), 488 U.S. 563,109 S.Ct. 757, 102 L.Ed.2d 92; State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, 810 N.E.2d 927, at ¶ 78 ("`[A] guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established,'" quotingMenna v. New York (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2. "Therefore, a defendant who voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel `may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Id., quoting Tollett v. Henderson (1973), 411 U.S. 258, 267,93 S.Ct. 1602, 36 L.Ed.2d 235. However, a guilty or no contest plea does not preclude a defendant from challenging the trial court's determination that he or she knowingly, intelligently, and voluntarily entered the plea. State v. Engle (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450.
 {¶ 13} In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must review the record to ensure that the trial court complied with the constitutional and procedural safeguards contained within Crim.R. 11. State v. Kelley
(1991), 57 Ohio St.3d 127, 128, 566 N.E.2d 658 ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed."); see, also, State v. Carter (1979), 60 Ohio St.2d 34, 396 N.E.2d 757. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea without first addressing the defendant personally and: "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} The purpose of Crim.R. 11(C) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981),66 Ohio St.2d 473, 479-80, 423 N.E.2d 115. The trial court need not recite the exact language of Crim.R. 11(C) when informing a criminal defendant of his or her constitutional rights. Instead, we will affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained, "in a manner reasonably intelligible to that defendant," the constitutional rights the defendant waives by pleading guilty. Id., paragraph two of the syllabus.
 {¶ 15} A trial court's failure to adequately inform a defendant of his constitutional rights invalidates a guilty plea under a presumption that it was entered involuntarily and unknowingly. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12. On the other hand, the failure to comply with non-constitutional rights will not invalidate a plea unless the defendant suffered prejudice. Id. The test for prejudice is "`whether the plea would have otherwise been made.'" Id. (quoting State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474).
 {¶ 16} Here, our review of the record reveals that the trial court fully complied with both the constitutional and non-constitutional provisions of Crim.R. 11. The trial court ascertained that Cumberland understood the crimes to which he was pleading guilty and the corresponding penalties. The trial court advised Cumberland that his guilty plea would constitute a complete admission of guilt and that upon acceptance of his plea, the court could (and would) proceed with sentencing. The trial court further questioned whether Cumberland had been induced, forced, or threatened to plead guilty, and whether anyone had promised appellant anything in return for his guilty plea. Additionally, the court aptly explained that by pleading guilty Cumberland waived his right to a jury trial, his right to confront witnesses, his right to compulsory process, his right to require the state to prove his guilt beyond a reasonable doubt, and his right against selfincrimination.
 {¶ 17} Cumberland nonetheless complains that the court failed to advise him that his guilty plea waived his right to file pre-trial motions. This argument is meritless. Nothing in Crim.R. 11 requires the court to inform a defendant that by pleading guilty, he waives the right to file pre-trial motions.
 {¶ 18} Cumberland's real argument appears to be that he felt pressured to plead guilty so that his parents would not be tried for the crimes. However, nothing in the record shows that anyone pressured him to plead guilty. In fact, Cumberland advised the trial court that no one threatened him to plead guilty. Moreover, Cumberland admitted that his parents knew nothing about the drugs and that the drugs belonged to him. While Cumberland may now have a change of heart, this is not sufficient to invalidate a knowing, intelligent, and voluntary plea. See State v.Drake (1991), 73 Ohio App.3d 640, 645, 598 N.E.2d 115, State v.Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632, State v.Taylor (Jun. 16, 2000), Washington App. No. 99CA1, unreported.
 {¶ 19} Furthermore, Cumberland's argument that the trial judge's prior representation renders his plea invalid is meritless. Cumberland does not assert how the judge's prior representation affected his decision to plead guilty. R.C. 2701.03 (affidavits of bias and prejudice) "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v. Billingham (1995),105 Ohio App.3d 8, 11, 663 N.E.2d 657. This is because "[t]he Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Id., citing Section 5(C), Article IV, Ohio Constitution. Thus, the "Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." State v. Frye (Dec. 12, 1997), Clark App. No. 96-CA-118, quotingBeer v. Griffith (1978), 54 Ohio St.2d 440, 441-42, 377 N.E.2d 775; see, also, State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402. Therefore, if Cumberland's argument is based upon a claim that the trial judge was biased or prejudiced, we must conclude that he has failed to follow the proper procedure for disqualification, and we are without jurisdiction to set the trial court's judgment aside on that basis.
 {¶ 20} Consequently, we overrule Cumberland's first assignment of error.
 II {¶ 21} In his second assignment of error, Cumberland contends that the trial court denied him due process by sentencing him to an arbitrary term of imprisonment. He complains that accepting a plea to a charge that carried a mandatory three years of imprisonment was unconscionable. He asserts: "Accepting the appellant's plea to a mandatory term knowing that it was made to secure his elderly parents' freedom, and knowing that he had a negligible record and had not previously been incarcerated, complicated by the prior representation by the sentencing judge, raises questions concerning this specific sentence." Cumberland does not explicitly assert that the court failed to comply with any particular sentencing statute, but instead appears to re-hash the argument that his guilty plea is invalid because he pled guilty so that his parents would not be tried for the crimes. He concedes that he pled guilty to the trafficking charge which carried a mandatory three-year prison term.
 {¶ 22} The gist of his due process argument is that the sentence is unfair because it punishes him for helping his parents. He apparently believes that because he had only a single prior misdemeanor and had never served a period of incarceration, mandatory sentencing offends society's notion of fair play. He cites no authority for this proposition and we reject it summarily. The imposition of mandatory minimums does not amount to a per se violation of due process. See State v. Austin (May 28, 1980), Hamilton App. No. C-790465, citing State ex rel. Owens v.McClure (1976), 48 Ohio St.2d 1. Rather, they represent the rational legislative policy that some crimes are so heinous that only imprisonment will punish the offender and protect the public. And they are rationally related to these legitimate state interests of punishment and protection.
 {¶ 23} Furthermore, to the extent Cumberland seeks to re-hash the issues he raised in his first assignment of error, we will not reanalyze them here.
 {¶ 24} Accordingly, we overrule his second assignment of error.
 III {¶ 25} In his third assignment of error, Cumberland asserts that multiple errors occurred: "[D]ue to errors from the inception of this case, the appellant was deprived of a fair plea and sentencing. There can be no confidence in these proceedings."
 {¶ 26} This argument is meritless. We discern no errors that deprived Cumberland of a fair proceeding. Nor is it our duty to glean the record for unspecified error.
 {¶ 27} Accordingly, we overrule his third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error I and II; Concurs in Judgment Only as to Assignment of Error III.
McFarland, J.: Concurs in Judgment and Opinion.
[1] The record does not indicate the exact charges that the state filed.