DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that denied a petition for postconviction relief filed by Kavin Lee Peeples, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"ON POSTCONVICTION U.S. CONSTITUTIONAL DUE PROCESS REQUIRES THE ANALYSIS OF NEWLY DISCOVERED EVIDENCE WHEN THE PETITIONER MAKES VALID CLAIMS QUESTIONING THE RELIABILITY OF EXPERT WITNESSES IN HIS TRIAL, AND QUESTIONING THE DETERMINATION OF COMPETENCY TO STAND TRIAL AND AT THE TIME OF THE ACT."
SECOND ASSIGNMENT OF ERROR:
"THERE EXISTS A CONFLICT OF INTEREST AND A VIOLATION OF U.S. CONSTITUTIONAL DUE PROCESS, WHERE THE JUDGE WHO DISMISSES A PETITION FOR POSTCONVICTION RELIEF, IS THE SAME LAWYER WHO PROSECUTED THE DEFENDANT-PETITIONER."
 {¶ 3} Appellant was incarcerated at the Orient Correctional Institute in 1990 when he strangled to death a fellow inmate. He later confessed to the crime, was convicted of aggravated murder and sentenced to life imprisonment. We affirmed that conviction in State v. Peeples (1994), 94 Ohio App.3d 34, 640 N.E.2d 208
("Peeples I").
 {¶ 4} Appellant filed his first petition for postconviction relief in 1996 and argued that he was denied effective assistance of counsel and expert witnesses because he had a mental disorder that prevented him from revealing that he had hallucinations which, in turn, called his competency into question.[1] The trial court denied his motion on the grounds that appellant submitted no evidence, other than a self-serving affidavit, to substantiate his claims. We affirmed that judgment in State v.Peeples (Nov. 7, 1997), Pickaway App. No. 97CA16 ("PeeplesII").
 {¶ 5} Appellant filed a second petition for postconviction relief in 1998 and raised, in essence, the same arguments made in his first petition. The trial court overruled that motion on grounds of res judicata and we affirmed that judgment in Statev. Peeples (Dec. 30, 1998), Pickaway App. No. 98CA24 ("PeeplesIII").
 {¶ 6} Appellant filed his third petition for postconviction relief on May 11, 2005 and claimed that he was denied his constitutional rights because court psychologists did not make "accurate determinations" as to his "mental illness" or "the extent to which that illness caused [his] violent acts." In an attempt to circumvent the res judicata problem which torpedoed his petition in Peeples III, appellant claimed that he was prevented all these years from raising these issues because of the "long term affects [sic] of a serious mental illness."
 {¶ 7} The prosecution filed a succinct memorandum in opposition and argued that appellant raised "the same issues which have previously, multiple times, been raised in the [trial court] as well as the Court of Appeals." No matter how appellant may couch his argument, the prosecution concluded, he was essentially raising the same competency issue that has been raised and decided on a number of occasions since his original conviction.
 {¶ 8} The trial court apparently agreed and overruled appellant's petition. This appeal followed.
 I {¶ 9} Appellant asserts in his first assignment of error that the trial court erred in denying his petition for postconviction relief. We disagree with appellant.
 {¶ 10} R.C. 2953.21(A)(2) states that a petition for postconviction relief must be filed no later than one hundred eighty (180) days after the transcript is filed in the court of appeals on direct appeal of the judgment. Pursuant to R.C.2953.23(A)(1), trial courts cannot entertain a petition filed after that deadline, or successive petitions for similar relief, unless both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} Thus, both this statute and the principles of res judicata bar successive petitions for postconviction relief from raising issues that were either addressed, or could have been addressed, in a first appeal of right or a timely R.C. 2953.21
petition. See generally State v. Sabo (Aug. 8, 2001), Athens App. No. 01CA2; State v. Howell (Jun. 26, 2000), Adams App. No. 99CA677; State v. Leadingham (Sep. 3, 1999), Scioto App. No. 98CA2607.
 {¶ 12} In the case sub judice, Peeples I was rendered in 1994. Thus, appellant's petition was clearly outside the statutory time limit.[2] Peeples II III also make clear the appellant has filed several petitions for postconviction relief all of which raised the question of his mental state. Appellant attempts to circumvent these problems by couching his petition to fit into the R.C. 2953.23(A)(1) exception and claims that he was previously prevented from "discovery of the grounds for relief due to the long term effects of a serious mental illness" and that "no reasonable factfinder would have found him guilty of the offense." We do not find appellant's assertion persuasive.
 {¶ 13} First, as to his alleged "grounds for relief," appellant argued in his petition that he suffered from a "serious form of bipolar disorder" that was not diagnosed at the time of the murder. Whatever the precise cause of his mental problems, the issue of appellant's mental state was in fact raised inPeeples I, II and III. This is not some "new grounds" for relief. Appellant also includes no evidence in his petition to show that he even has "bipolar disorder", other than his own self-serving, and unsworn, declaration in his petition.
 {¶ 14} Second, we are equally unpersuaded by appellant's claim that no "reasonable factfinder" would have found him guilty of murder if it had been known that he had bipolar disorder. Assuming arguendo that he suffers from this disorder, appellant cites no legal authority for the proposition that being "bipolar" automatically negates the requisite mens rea for murder. Appellant also includes no expert opinion to that effect in his petition. Further, considerable evidence had been adduced during the trial that appellant suffered mental problems and, yet, the three judge panel still found him guilty. In sum, appellant has not convinced us that the outcome of the trial would have been different had the panel known of his claimed bipolar disorder.
 {¶ 15} For these reasons, we hereby overrule appellant's first assignment of error.
 II {¶ 16} Appellant asserts in his second assignment of error that the judgment should be reversed because the judge who denied his petition was the prosecutor who obtained his original conviction. See Peeples I. We are not persuaded.
 {¶ 17} If appellant believed that the trial court judge was biased or prejudiced against him, his remedy is to file an affidavit of prejudice with the clerk of the Ohio Supreme Court. See R.C. 2701.03. That statute provides the "exclusive means" by which a litigant may claim a common pleas judge is biased or prejudiced. Jones v. Billingham (1995), 105 Ohio App.3d 8, 11,663 N.E.2d 657; also see State v. Cumberland, Highland App. No. 04CA14, 2005-Ohio-1229, at ¶ 1; State v. Scruggs Franklin App. No. 02AP-621, 2003-Ohio-2019, at ¶ 15. Only the Chief Justice of the Ohio Supreme Court, or his designee, has authority to determine a claim of bias/prejudice against a common pleas court judge. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442,377 N.E.2d 775. An appellate court does not have the authority to pass upon that issue. Id.; also see Scruggs, supra at ¶ 15;State v. Ramos (1993), 88 Ohio App.3d 394, 398,623 N.E.2d 1336.
 {¶ 18} Accordingly, we hereby overrule appellant's second assignment of error.
 {¶ 19} Having reviewed all errors assigned and argued in the brief, and having found merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[1] Appellant claimed that at the time of the murder, he had spectral visits from Nikola Tesla (a Yugoslavian scientist) who (1) "offered to guide [him] in developing a universal equation to describe the properties of all known forces of nature by means of a new sub-atomic theory" and (2) told him it was necessary to kill his fellow inmate before he could complete this sub-atomic theory.
[2] Obviously, appellant's trial transcript would have been filed long before we decided his first appeal of right.