[Cite as *State v. Lett*, 2010-Ohio-3167.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 131 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARK S. LETT | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Youngstown
                              Municipal Court of Mahoning County,
                              Ohio
                              Case Nos. 07TRD4978; 07TRD8037

JUDGMENT:                     Reversed and Modified.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Joseph Macejko
                              Youngstown City Prosecutor
                              26 S. Phelps Street
                              Youngstown, Ohio 44503

For Defendant-Appellant:      Atty. James E. Lanzo
                              4126 Youngstown-Poland Road
                              Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 25, 2010

WAITE, J.

{¶1} Appellant Mark S. Lett is appealing the denial of a motion to modify his sentence in the Youngstown Municipal Court. The motion is being treated on appeal as the denial of a petition for postconviction relief. Appellant was sentenced to 180 days in jail in Youngstown Municipal Court Case No. 07TRD4978. After a failed appeal of that judgment, the trial court modified the sentence and ordered Appellant to serve 100 days in jail concurrent with the 60-day jail sentence ordered in another matter, Case No. 07TRD8037. Appellant served 12 days of the sentence when the sentence was again stayed on appeal. The stay was later lifted. When it became time to serve the remainder of the sentence, the court held an execution of sentence hearing and ordered Appellant to serve 180 days in jail. Appellant filed this appeal challenging the extra 80 days of jail time. The record contains no explanation as to why the 100-day sentence was subsequently increased to 180 days. Because Appellant's sentence had been reduced to 100 days in jail, and Appellant had already served part of the sentence when the court attempted to increase the sentence to 180 days, the decision of the trial court increasing the sentence to 180 days is hereby reversed and the 100-day jail term is reinstituted.

{¶2} Appellee has not responded to this appeal. The record indicates that on June 11, 2007, Appellant was cited for speeding, driving under suspension, and a seat belt violation in Case No. 07TRD4978. On September 26, 2007, he entered into a Crim.R. 11 plea agreement. He pleaded no contest to driving under suspension, R.C. 4510.16, a first degree misdemeanor. The other two charges were dismissed. Sentencing was scheduled for November 9, 2007.

**{¶3}** On October 24, 2007, Appellant was cited for driving under suspension, operating a motor vehicle without a license, and failure to signal in Case. No. 07TRD8037.

**{¶4}** On November 9, 2007, in Case No. 07TRD4978, the court sentenced Appellant to 180 days in jail.

**{¶5}** On November 9, 2007, Appellant filed an appeal in Case No. 07TRD4978. The appeal was dismissed for failure to prosecute on April 18, 2008.

**{¶6}** On February 15, 2008, Appellant entered into a Crim.R. 11 plea agreement in Case No. 07TRD8037. He pleaded no contest to operating a motor vehicle without a license, R.C. 4510.12, a first degree misdemeanor, and the other two charges were dismissed. Sentencing was scheduled for April 23, 2008, but Appellant filed an appeal and sentencing was postponed. On December 9, 2008, the appeal was dismissed for failure to prosecute.

**{¶7}** On February 26, 2009, the court held a sentencing hearing on both cases. The court modified the sentence in Case No. 07TRD4978 to 100 days in jail, and in Case No. 07TRD8037 the court imposed a 60-day jail sentence, to be served concurrently. The court ordered Appellant to report to the jail on March 6, 2009.

**{¶8}** On March 4, 2009, Appellant filed another appeal, designated as Appeal No. 09 MA 46. Appellant filed a stay of execution with the trial court, but the stay was denied. Appellant began serving his 100-day jail term in Case No. 07TRD4978 on March 6, 2009. On March 18, 2009, we granted a stay of execution of the jail sentence in Case No. 07TRD4978. Appellant had served 12 days of his jail sentence. We vacated the stay on May 29, 2009.

{¶9} On June 8, 2009, the trial court held an execution of sentence hearing in Case No. 07TRD4978. The court ordered Appellant to serve 180 days in jail to be executed concurrently with the sentence in Case No. 07TRD8037. Appellant did not appeal this judgment entry.

{¶10} On July 14, 2009, Appellant filed a motion to modify his sentence. The trial court denied the motion on August 5, 2009. Appellant filed this appeal on August 6, 2009.

{¶11} On September 8, 2009, this Court issued a judgment entry ordering the parties to file jurisdictional memos. It was evident from the record that Appellant had not filed a timely appeal of the June 8, 2009, execution of sentence judgment entry. The question arose as to whether the order denying the motion to modify sentence was a final appealable order.

{¶12} On September 23, 2009, we issued a judgment entry holding that Appellant's motion to modify sentence would be treated as a petition for postconviction relief, and that the trial court's judgment of August 5, 2009, was a final appealable order. We also granted a stay of execution of the final 80 days of the 180-day sentence imposed in Case No. 07TRD4978.

{¶13} Appellant asserts one assignment of error on appeal. Appellee has not filed a responsive brief.

<u>ASSIGNMENT OF ERROR</u>

{¶14} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO MODIFY SENTENCE, AS THE TRIAL COURT LACKED THE AUTHORITY TO

INCREASE APPELLANT'S SENTENCE AFTER THE SENTENCE WAS EXECUTED."

**{¶15}** We previously determined that we would treat Appellant's motion to correct sentence as a petition for postconviction relief. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶12.

**{¶16}** Petitions for post-conviction relief are governed by R.C. 2953.21 and R.C. 2953.23. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that, "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." Postconviction relief petitions are reviewed for abuse of discretion: "Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for postconviction relief that are supported by competent and credible evidence." *State v. Davis* (1999), 133 Ohio App.3d 511, 515, 728 N.E.2d 1111. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶17}** When execution of the sentence has not begun, the trial court possesses authority to modify the sentence. *State v. Evans*, 161 Ohio App.3d 24, 2005-Ohio-2337, ¶15-17. Due primarily to the constitutional right prohibiting double jeopardy, the trial court loses jurisdiction to amend or modify the sentence once the

sentence has begun to be executed. *State v. Carr*, 167 Ohio App.3d 223, 2006-Ohio-3073, ¶3, citing *State v. Garretson* (2000), 140 Ohio App.3d 554, 748 N.E.2d 560; see also, *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; *State v. Ballard* (1991), 77 Ohio App.3d 595, 602 N.E.2d 1234; see also, *Ex parte Lange* (1873), 85 U.S. 163, 21 L.Ed. 872; *United States v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

**{¶18}** "Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR 347, 455 N.E.2d 519. If a trial court could retain jurisdiction to modify an otherwise valid sentence, "the defendant would have no assurance about the punishment's finality." *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 120, 30 OBR 218, 506 N.E.2d 936.

**{¶19}** Appellee has not opposed the arguments in this appeal, and thus, there are no questions raised about the propriety of raising this particular sentencing issue by means of a petition for postconviction relief rather than on direct appeal of the sentence. There are also no challenges to the procedural aspects of the filing of the motion to modify sentence, or to our interpretation that the motion was in effect a petition for postconviction relief. App.R. 18(C) states: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * the court may accept the appellant's statement of the facts and issues as correct

and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶20} The record reflects that the trial court imposed a 180-day jail term on November 9, 2007, that the trial court modified the sentence to 100 days on February 6, 2009, and that Appellant subsequently served 12 days of the sentence. Then, on June 8, 2009, the trial court apparently attempted to reimpose the original 180-day jail sentence. Since Appellant's sentence had already been executed because he had served part of the jail sentence, the 100-day jail term became final and the court had no authority to modify the sentence by adding 80 extra days. Appellant's argument reasonably sustains the conclusion that the trial court should have granted his motion and should have reduced the 180-day jail sentence to 100 days. Appellant's assignment of error is sustained and the decision of the trial court to increase the sentence from 100 days to 180 days is reversed. The sentence is hereby modified to reflect that, in Youngstown Municipal Court Case No. 07TRD4978, the trial court imposed a jail term of 100 days in jail to be served concurrently with the sentence imposed in Youngstown Municipal Court Case No. 07TRD8037.

Donofrio, J., concurs.

Vukovich, P.J., concurs.