[Cite as *State v. Sanders*, 2013-Ohio-1326.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA4 |
| vs. | : | |
| BILL ADAM SANDERS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

APPELLANT PRO SE: Bill Adam Sanders, #A308-019, Chillicothe Correctional
Institution, P.O. Box 5500, Chillicothe, Ohio 45601, Pro Se

COUNSEL FOR APPELLEE: Judy C. Wolford, Pickaway County Prosecuting Attorney,
and Jayme Hartley Fountain, Pickaway County Assistant
Prosecuting Attorney, 203 South Scioto Street. P.O. Box
910, Circleville, Ohio 43113

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-6-13
ABELE, J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that

denied a motion to "Correct the Record of The Judgment Entry of Sentence" filed by Bill Adam

Sanders, defendant below and appellant herein.

{¶ 2} Appellant assigns the following error for review:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF
DEFENDANT-APPELLANT IN OVERRULING HIS MOTION
TO CORRECT THE RECORD OF THE JUDGMENT ENTRY
OF SENTENCE, IN VIOLATION OF THE DUE PROCESS OF

LAW GUARANTEED BY SECTIONS 2 AND 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 3}  In March 1995, appellant was convicted of three counts of attempted murder, all with firearm specifications.   The trial court sentenced appellant to serve three years on each firearm specification and, once he completed those sentences, consecutive sentences for each attempted murder count with an aggregate minimum of twenty-four years (24) incarceration, up to an aggregate maximum term of seventy-five (75) years.   We affirmed his conviction and sentence.   *State v. Sanders*, 4th Dist. No. 95CA6, 1996 WL 734666 (Dec. 10, 1996)(*Sanders I*).

{¶ 4}  Appellant commenced the instant proceedings on January 25, 2012 with a motion to correct his sentence.   The gist of his argument is that during the sentencing hearing, the trial court ordered the sentences on counts two and three to be served concurrently, but the actual sentencing entry ordered them served consecutively.   The appellee did not file an answer and the trial court denied the motion.   This appeal followed.

{¶ 5}  Generally, courts may recast irregular motions into whatever category necessary to identify and to establish the criteria by which a motion should be evaluated.   *State v. Lett*, 7th Dist. No. 09MA131,   2010-Ohio-3167, at ¶15 citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431,at ¶12.   Although the motion to correct sentence filed in the trial court did not raise constitutional claims, appellant's assignment of error is couched in such terms and, thus, we will treat this matter as a denial of a petition for postconviction relief.   After so doing, we note that any one of a number of reasons exist to affirm the denial of appellant's motion below.

{¶ 6}  First, petitions for postconviction relief must be filed no later than one hundred

and eighty days after the expiration of the time for filing an appeal. R.C. 2953.21(A)(2).   Here, the expiration of time for filing an appeal expired in 1995, but appellant did not file his motion until 2012. Obviously, appellant filed his motion out of rule.

{¶ 7}   Second, The Ohio Supreme Court has held that the doctrine of res judicata applies when determining whether postconviction relief is warranted under R.C. 2953.21. See *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus (1996); *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus (1967).   In other words, a petitioner may not raise, for purposes of postconviction relief, any error that was raised, or could have been raised, on direct appeal. *State v. Franklin*, 4th Dist. No. 05CA9, 2006-Ohio-1198, at ¶10; *State v. Peeples*, 4th Dist. No. 05CA25, 2006-Ohio-218, at ¶11.   Here, the alleged error is one that could have been discovered and raised in *Sanders I.*   It was not.   Appellant's attempt to raise it seventeen years later is barred by res judicata.

{¶ 8}   Finally, and most important, the portion of the transcript upon which appellant relied in his motion does not bear out his claim.   That exhibit shows that the trial court stated "the minimum sentence to be served in each of them, <u>consecutively</u>, each of these eight to 25 years be served <u>consecutively</u> . . ." (Emphasis added.)   In other words, the sentencing entry did not contradict the oral pronouncement at the sentencing hearing and the motion to correct sentence is without merit.

{¶ 9}   For all these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., concurring.

{¶ 10} For the following reasons, I respectfully concur in judgment only. First, because we have recast Sanders's motion as a petition for postconviction relief, I would review his appeal under an abuse-of-discretion standard. *See State v. Hicks*, 4th Dist. No. 09CA15, 2010-Ohio-89, ¶ 9-11. The principal opinion, however, does not contain a standard of review. Second, because Sanders appealed his conviction, he had to file a petition for postconviction relief "no later than one hundred eighty days after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal * * *." R.C. 2953.21(A)(2). The principal opinion, however, states the deadline for when "no appeal is taken." *Id.* Nevertheless, I agree that the sentencing entry conforms to the oral pronouncement at the sentencing hearing. As a result, I would affirm the judgment of the trial court.

{¶ 11} Accordingly, I respectfully concur in judgment only.

**[Cite as *State v. Sanders*, 2013-Ohio-1326.]**

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment Only
Kline, J.: Concurs in Judgment Only with Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.