[Cite as *State v. Sanders*, 2014-Ohio-2521.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 13CA29 |
| vs. | : | |
| BILL ADAM SANDERS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

APPELLANT PRO SE:     Bill Adam Sanders, #A308-019, Chillicothe Correctional
                      Institution, P.O. Box 5500, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:   Judy C. Wolford, Pickaway County Prosecuting Attorney,
                        and Jayme Hartley Fountain, Pickaway County Assistant
                        Prosecuting Attorney, 203 South Scioto Street. P.O. Box
                        910, Circleville, Ohio 43113
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-30-14
ABELE, P.J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that

denied a motion "to correct unlawful sentence" filed by Bill Adam Sanders, defendant below and

appellant herein.   The following errors are assigned for our review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED TO THE PREJUDICE OF
> DEFENDANT-APPELLANT WHEN IT DENIED HIS MOTION
> TO CORRECT UNLAWFUL SENTENCE, IN VIOLATION OF
> THE DUE PROCESS OF LAW GUARANTEED BY SECTIONS

2 AND 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT IMPOSED AN UNLAWFUL SENTENCE UPON DEFENDANT-APPELLANT WHEN IT DISREGARDED THE MANDATES OF R.C. 2941.25 (A) [sic] AFTER THE TRIAL COURT CONFIRMED THE OFFENSES WERE COMMITTED IN A CONTINUING COURSE OF CONDUCT, AND AFTER THE PROSECUTION ARGUED TO THE JURY AND THE JURY VERDICT FOUND BEYOND REASONABLE DOUBT THAT THE THREE COUNTS OF ATTEMPTED MURDER WERE COMMITTED IN A CONTINUING COURSE OF CONDUCT WITH A SINGLE INTENT, IN VIOLATION OF THE DUE PROCESS OF LAW GUARANTEED BY SECTIONS 2 AND 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

**{¶ 2}** In March 1995, appellant was convicted of three counts of attempted murder, all with firearm specifications. The trial court sentenced him to serve three years on each firearm specification and, once completed, consecutive sentences for each count of attempted murder with an aggregate minimum of twenty-four years (24) to an aggregate maximum term of seventy-five (75)years. We affirmed his conviction and sentence. *State v. Sanders*, 4th Dist. Pickaway No. 95CA6, 1996 WL 734666 (Dec. 10, 1996)(*Sanders I*).

**{¶ 3}** On January 25, 2012, appellant filed a motion to correct his sentence. Appellant argued that at the sentencing hearing, the trial court ordered the sentences on counts two and three to be served concurrently, but the actual sentencing entry ordered them to be served consecutively. The trial court denied the motion and we affirmed that judgment. *State v. Sanders*, 4th Dist. Pickaway No. 12CA4, 2013-Ohio-1326 (*Sanders II*). The Ohio Supreme

Court denied further appeal.   *State v. Sanders*, 135 Ohio St.3d 1460, 988 N.E.2d 579,

2013-Ohio-2285 (*Sanders IIA*).[1]

{¶ 4}   Appellant commenced the instant action on November 27, 2013 and argued that

his 1995 sentence violated R.C. 2941.25(A)[2] and the convictions should have merged "into one

sentence of a 8 to 25 years with one firearm specification."   On December 2, 2013, the trial court

denied the motion.   Relying on *Sanders II*, the trial court concluded that res judicata bars

appellant's claims and, in any event, were presented in an untimely postconviction relief petition.

This appeal followed.

I

{¶ 5}   In his first assignment of error, appellant argues that the trial court erred by

overruling his motion to "correct unlawful sentence."   We disagree and come to the same

conclusion as the trial court for the same reasons we expressed in *Sanders II*.

{¶ 6}   Courts may recast irregular motions into whatever category is necessary to

identify and to establish the criteria by which a motion should be judged. *State v. Lett*, 7th Dist.

No. 09MA131,   2010-Ohio-3167, at ¶15 citing *State v. Schlee*, 117 Ohio St.3d 153,

2008-Ohio-545, 882 N.E.2d 431,at ¶12.   Although the motion "to correct unlawful sentence" did

---

[1]  Appellant has also sought habeas corpus relief in federal court from his 1995 original conviction arguing that venue in Pickaway County was improper, he was denied a speedy trial and that the state failed to disclose evidence favorable to his defense.   A magistrate for the United States District Court recommended the petition be dismissed as untimely. See *Sanders v. Warden*, Civil Action No. 2:12–cv–0423, 2012 WL 2070863 (S.D.Ohio)(May 12, 2012).    The trial court adopted her recommendation and ordered the case dismissed. Id. at 2012 WL 2130987 (June 8, 2012).

[2]  R.C. 2941.25(A) states "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

not raise constitutional claims, appellant's assignments of error are now couched in terms of the Ohio and federal constitutions. Thus, we will treat this action as a denial of a petition for postconviction relief. As such, any number of reasons exist to affirm the trial court's denial of appellant's motion.

{¶ 7} First, petitions must be filed no later than one hundred and eighty days after the expiration of the time for filing an appeal. R.C. 2953.21(A)(2). In this case, the expiration of time for filing an appeal ran in 1995. Appellant, however, did not file his motion until 2013.

{¶ 8} Second, The Ohio Supreme Court has held that the doctrine of res judicata applies when determining whether postconviction relief is warranted under R.C. 2953.21. See *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus (1996); *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus (1967). In other words, a petitioner cannot raise, for purposes of postconviction relief, any error that was raised, or could have been raised, on direct appeal. *State v. Franklin*, 4th Dist. No. 05CA9, 2006-Ohio-1198, at ¶10; *State v. Peeples*, 4th Dist. No. 05CA25, 2006-Ohio-218, at ¶11. The alleged error to which appellant points is one that could have been discovered and raised in *Sanders I*. It was not. Thus, res judicata bars appellant from raising it more than seventeen years later.

{¶ 9} For these reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 10} Appellant's second assignment of error goes to the original 1995 sentencing and argues that those sentences were imposed in violation of Ohio law. Specifically, appellant maintains that the attempted murder charges are allied offenses of similar import and should have

been merged for purposes of sentencing.   We, however, reject that argument because the 1995 proceedings are not properly before us.

{¶ 11}  Once again, any alleged violation of sentencing law appellant could have, and should have, raised in *Sanders I*.   He did not.   Consequently, appellant is barred by res judicata from raising the issue now, at this late date.   *State v. Lofton*, 4th Dist. Pickaway No. 12CA21, 2013-Ohio-1121, at ¶8; *State v. Keeley*, 4th Dist. Washington No. 12CA15, 989 N.E.2d 80, 2013-Ohio-474, at ¶6.[3]   For these reasons, we hereby overrule appellant's second assignment of error.

{¶ 12}  Having considered all of the errors that appellant assigned and argued, we hereby affirm trial court's judgment.

JUDGMENT AFFIRMED.

---

[3]  Any alleged failure to comply with R.C. 2941.25(A) does not render a judgment void so that it can be challenged at any time. *State v. Bryant*, 9th Dist. Summit No. 26774, 2013-Ohio-4996, at ¶6;    *State v. Grant*, 1st Dist. Hamilton No. C—120695, 2013-Ohio-3241, at ¶5. Any error on the part of the trial court to merge the three attempted murder convictions should have been raised in *Sanders I*.

[Cite as *State v. Sanders*, 2014-Ohio-2521.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.