[Cite as *State v. Waulk*, 2016-Ohio-5018.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA3501 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JACK N.WAULK, SR., | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 07/12/16** |

APPEARANCES:

Jack N. Waulk, Sr., Orient, Ohio, Pro Se Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

McFarland, J.

{¶1} Jack N. Waulk, Sr., appeals the July 20, 2015 entry of the Ross County Common Pleas Court which overruled his "Revised Amended Motion to Vacate Sentence and Acquit Petitioner Jack N. Waulk Sr." In November 2001, Appellant was convicted by a Ross County jury of two counts of murder. Waulk filed a direct appeal and this Court affirmed his convictions. *See State v. Waulk,* 4th Dist. Ross No. 02CA2649, 2003-Ohio-11 ("*Waulk I*"). In the instant appeal, he argues the trial court erred by overruling his postconviction motion which raised the following issues: (1) ineffective assistance of counsel; (2) illegal arrest; (3)

exclusion of evidence; and (4) failure to hold a hearing on the revised amended motion. Having reviewed the record, we find Waulk's postconviction motion was untimely filed. As such, we overrule the sole assignment of error and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} In October 1999, the Ross County Grand Jury returned an indictment charging Appellant with murder of victim Keith Arthurs in violation of R.C. 2903.02. A second indictment was handed down on March 9, 2001 charging Appellant caused Arthurs' death as a result of committing the crime of felonious assault. Appellant pled not guilty and the matter eventually came on for jury trial. In 2001, Appellant was found guilty by a jury of his peers of two counts of murder. The underlying facts surrounding the events which gave rise to the indictments are set forth fully in *Waulk I*.

{¶3} Appellant's convictions were found to be allied offenses of similar import and Appellant was sentenced to a prison term of 15 years to life on only one of the convictions. Appellant filed a direct appeal raising two assignments of error, which this Court found to have no merit and overruled in *Waulk I*. Since that time, Appellant has filed various postconviction motions which have been dismissed. On July 20, 2015, the trial court overruled Appellant's motion entitled "Revised Amended Motion to Vacate Sentence and Null Process a Voidable Sentence and

Acquit Petitioner Jack N. Waulk Sr., Pursuant to Civ.R. 60-May 24, 2013 Ohio

Rules of Court, Sec. 2325.01 R.C." The current appeal has followed.

## ASSIGNMENT OF ERROR

"I. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHTS AFFORDED TO HIM UNDER THE 4TH, 5TH, 6TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 2, 10, AND 14 TO THE OHIO CONSTITUTION BY DENYING THE DEFENDANTS (SIC) AMENDED MOTION TO VACATE A VOID SENTENCE & CONVICTION."

## STANDARD OF REVIEW

**{¶4}** "Abuse of discretion" is the most prevalent standard for reviewing the

dismissal of a petition for postconviction relief without a hearing. *State v. Hicks,*

4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶10.[1]  We choose to follow the

majority of Ohio courts. *Hicks, supra,* at 11.  An abuse of discretion is more than

an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary

or unconscionable." *Hicks, supra*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d

217, 219, 450 N.E.2d 1140 (1983).

## LEGAL ANALYSIS

---

[1] *See State v. Abdussatar,* 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, at ¶ 15; *State v. Wright,* 10th Dist. Franklin No. 08AP-1095, 2009-Ohio-4651, at ¶ 9-10; *State v. Patel*, 9th Dist. Summit No. 24645, 2009-Ohio-3184, at ¶¶ 2-4, 10*; State v. West,* 7th Dist. Jefferson No. 07 JE 26, 2009-Ohio-3347, at ¶¶ 19-22, 37; *State v. Clark,* 12 Dist. Warren No. CA2008-09-113, 2009-Ohio-2101, at ¶ 7; *State v. Horner*, 6th Dist. Lucas No. L-08-1125, 2009-Ohio-1815, at ¶ 13; *State v. Appenzeller*, 11th Dist. Lake No. 2007-L-175, 2008-Ohio-6982, at ¶¶ 17-19, 45; *State v. Williams*, 5th Dist. Licking No. 08-CA-23, 2008-Ohio-6842, at ¶¶ 11, 23; *State v. Howald*, 3rd Dist. Union No. 14-08-23, 2008-Ohio-5404, at ¶ 10-12.

{¶5} In May 2015, Appellant filed a "Revised Amended Motion to Vacate Sentence and Acquit Petitioner Jack N. Waulk, Sr., Pursuant to Civ.R. 60-May 24, 2013-Ohio-Rules of Court, Sec. 2325.01 R.C.," which we will reference as the "revised amended motion." The trial court overruled Appellant's motion without an evidentiary hearing. Woven through Appellant's stream of consciousness-style "statement of the case/facts," argument, and conspiracy theories, Appellant alleges: (1) he was the victim of an illegal arrest; (2) he was interrogated and coerced into making incriminating statements against himself during the interrogation and at trial; (3) his motion to suppress was improperly denied; (4) he was the victim of jury tampering; and (5) he was rendered the ineffective assistance of counsel. Appellant requests remand to the trial court for an evidentiary hearing.

{¶6} As set forth above, we consider Appellant's revised amended motion to be a petition for postconviction relief, pursuant to R.C. 2953.21. This Court has noted that "[c]ourts may recast irregular motions into whatever category is necessary to identify and to establish the criteria by which a motion should be judged." *State v. Pippen,* 4th Dist. Scioto No. 14CA3595, 2014-Ohio-4454, ¶ 10, quoting *State v. Eldridge,* 4th Dist. Scioto No. 13CA3584, 2014-Ohio-2250, ¶ 5; *State v. Sanders*, 4th Dist. Pickaway No. 13CA29, 2014-Ohio-2521, ¶ 6; citing *State v. Lett,* 7th Dist. Mahoning No. 09MA131, 2010-Ohio-3167, ¶ 15; *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Petitions for

postconviction relief typically raise constitutional challenges to convictions and sentences. Despite the reference to Rule 60(B) in the title, we find Appellant's motion more properly cast as a postconviction motion.

**{¶7}** Appellant's motion raises constitutional claims as well as arguing that his sentence is void and his convictions should be vacated. The State has directed us to *State v. Fulk,* 172 Ohio App.3d 536, 2007-Ohio-3141, 876 N.E.2d 983 (3rd Dist.). In *Fulk,* the appellant captioned his motion "Motion for Relief from Judgment Pursuant to Civ.R. 60(B)(5)." The appellate court noted Fulk incorporated his motion under Crim.R. 57(B). The *Fulk* court observed at ¶ 10:

> "Civ.R. 60(B)(5) is the catchall provision that allows a court to grant a party's motion to set aside a final judgment or order for 'any other reason justifying relief from the judgment.' Notably, however, Crim.R. 57(B) incorporates the civil rules in the following manner: 'If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.' (Emphasis added.)"

**{¶8}** Fulk argued that the trial court violated his constitutional right to trial by jury when it made the findings needed to sentence him to consecutive prison terms. To correct his sentence, Fulk incorporated his Civ.R. 60(B)(5) motion under Crim.R. 57(B), and requested that the trial court resentence him. The appellate court held:

> "Regardless of the caption, a motion is a petition for postconviction relief if the defendant filed the motion after the defendant's direct

appeal, claimed a denial of a constitutional right, sought to render a final judgment void, and asked the trial court to vacate the judgment and sentence. *State v. Brenton,* 3rd Dist. No. 11-06-06, 2007-Ohio-901, ¶ 15, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997); *State v. Hill,* 129 Ohio App.3d 658, 718 N.E.2d 978 (1st. Dist.1998).  Thus, by definition, Fulk actually sought postconviction relief. *Id.* at ¶ 12.

* * *

Crim.R. 35 governs the procedures for postconviction petitions. Because a criminal rule exists, Crim.R. 57(B) does not apply herein, and Fulk cannot use Civ.R. 60(B) to circumvent the applicable time limits under the postconviction-relief statute, R.C. 2953.21. *See also State v. Deaton,* 3rd Dist. Defiance No. 5-08-03, 2008-Ohio-4162, ¶¶ 5 and 6.”

**{¶9}** Similarly, it would appear that Appellant has attempted to circumvent the applicable time limit under the postconviction statute.  Turning to the statute, R.C. 2953.21(A)(1), postconviction relief petition, provides as follows:

“(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating

the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.  If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

* * *

(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief."

{¶10} Here, Appellant was convicted at trial and sentenced by the trial court. The judgment entry of sentence is dated January 9, 2002.  Appellant filed a notice of appeal and the trial transcript was filed with this Court on May 20, 2002. Appellant's revised amended motion was filed well outside of the 365-day time constraint.

{¶11} Furthermore, Appellant has not alleged he was unavoidably prevented from discovering facts which would extend the deadline for filing, or that the United States Supreme Court has recognized a new federal or state right which

would apply retroactively to support his claims.  R.C. 2953.23 provides in

pertinent part:

> "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶12} "A defendant's failure to either timely file a petition for post-

conviction relief or meet his burden under R.C. 2953.23(A)(1) deprives a trial

court of jurisdiction to entertain the petition." *State v. Taqi,* 9th Dist. Lorain No.

14CA-010672, 2015-Ohio-5319, ¶ 7, quoting *State v. Taylor,* 9th Dist. Lorain No.

14CA010549, 2014-Ohio-5738, ¶ 9.  This Court has stated that "once a court has

determined that a petition is untimely, no further inquiry into the merits of the case

is necessary." *State v. Gilliam,* 4th Dist. Lawrence No. 04CA13, 2005-Ohio-2470,

¶ 12. *See State v. Morgan,* 3rd Dist. Shelby No. 17-04-11, 2005-Ohio-427, ¶ 6,

citing *State v. Beaver*, 131 Ohio App.3d 458, 722 N.E.2d 978 (11th Dist.1998). *See*

*also State v. Sheets,* 4th Dist. Adams No. 03CA24, 2005-Ohio-803, ¶ 28.

{¶13} The record below supports the finding that Appellant's revised

amended motion is properly considered a petition for postconviction relief.

However, we find the petition was filed outside the time requirements of R.C.

2953.21(A).  As such, this court need not inquire into the merits of Appellant's

assignment of error.  For the foregoing reasons, this appeal is hereby dismissed for

lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Costs are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
       Matthew W. McFarland, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**