[Cite as *State v. Sanders*, 2017-Ohio-8088.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA25 |
| vs. | : | |
| BILL ADAM SANDERS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Bill Adam Sanders, Chillicothe, Ohio, pro se.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Heather MJ Armstrong, Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-27-17
ABELE, J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that denied a "motion to waive or suspend court costs and the costs of prosecution for which execution was awarded, and any and all fees permitted pursuant to Revised Code Section 2929.18(A)(4), after sentencing became final because, the specific language of R.C. 2947.23(C) and that this court failed to comply with statutory requirements by law, causing the sentence to be contrary to law" filed by Bill Adam Sanders, defendant below and appellant herein.

{¶ 2} Appellant assigns the following errors for our review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN THE COURT FAILED TO WAIVE, SUSPEND, OR MODIFY THE COURT COSTS OF PROSECUTION FOR WHICH EXECUTION WAS HEREBY AWARDED, AFTER SENTENCING BECAME FINAL BECAUSE, BY ITS OWN TERMS R.C. 2947.23(c) STATES THAT A TRIAL COURT RETAINS JURISDICTION TO WAIVE, SUSPEND, OR MODIFY COSTS AT '*ANY TIME*' AFTER SENTENCING, AND PLACES NO TIME LIMITS ON WHEN A DEFENDANT-APPELLANT CAN SEEK A WAIVER, SUSPENSION, OR MODIFICATION OF COURT COSTS OF PROSECUTION FOR WHICH EXECUTION WAS HEREBY AWARDED."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN THE COURT FAILED TO DETERMINE THE APPELLANT'S PAST, PRESENT, AND FUTURE ABILITY TO PAY THE COURTS [SIC] COSTS OF PROSECUTION, AND FAILED TO DETERMINE THE AMOUNT OF COSTS FOR THE COURTS [SIC} IMPOSED FINANCIAL SANCTIONS AS STATUTORILY REQUIRED BY LAW."

THIRD ASSIGNMENT OF ERROR:

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF MY SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO 'OBJECT' TO STATUTORY REQUIREMENTS BY LAW, WHEN THE TRIAL COURT FAILED TO COMPLY WITH THE STATUTE LANGUAGE IN DETERMINING THE APPELLANT'S PAST, PRESENT, AND FUTURE ABILITY TO PAY THE COURTS [SIC] IMPOSED FINANCIAL SANCTIONS, AND WHEN THE COURT FAILED TO DETERMINE THE AMOUNT OF THE COURTS [SIC] COSTS OF THE PROSECUTION AT THE SENTENCING HEARING."

{¶ 3}   In March 1995, appellant was convicted of three counts of attempted murder, all with

firearm specifications.[1]  The trial court sentenced appellant to serve three years on each firearm specification and, once those sentences were completed, consecutive sentences for each count of attempted murder with an aggregate minimum term of twenty-four years incarceration, up to an aggregate maximum term of seventy-five years.  We affirmed appellant's conviction and sentence. *See State v. Sanders*, 4th Dist. Pickaway No. 95CA6, 1996 WL 734666 (Dec.10, 1996) (*Sanders I*).

{¶ 4}  On January 25, 2012, appellant filed a motion to correct his sentence.  Appellant argued that at the sentencing hearing, the trial court ordered the sentences on counts two and three be served concurrently, but the sentencing entry ordered them to be served consecutively.  The State of Ohio did not respond.  On March 8, 2012, the trial court denied the motion.  We affirmed that judgment.  *See State v. Sanders*, 4th Dist. Pickaway No. 12CA4, 2013-Ohio-1326 (*Sanders II).* The Supreme Court of Ohio denied any further appeal from that judgment.  *State v. Sanders*, 135 Ohio St.3d 1460, 2013-Ohio-2285, 988 N.E.2d 579. *(Sanders IIA).*

{¶ 5}  On November 27, 2013, appellant filed a motion to "correct unlawful sentence" and argued that his 1995 sentence violated R.C. 2941.25(A)(2) such that the convictions should have merged "into one sentence of a 8 to 25 years with one firearm specification."  On December 2, 2013, the trial court denied the motion on grounds of res judicata.  We affirmed that decision.  *See State v. Sanders*, 4th Dist. Pickaway No. 13CA29, 2014-Ohio-2521 (*Sanders III).*

{¶ 6}  On May 13, 2015, appellant filed another motion for "re-sentencing based on void judgment."  Appellant challenged the trial court's 1995 determination that he must "pay the costs of this matter, for which execution is hereby awarded."  Appellant argued that the trial court failed to

---

[1]  The facts are taken largely from this court's most recent decision in this case, *State v. Sanders*, 4th Dist. Pickaway No. 15CA21, 2016-Ohio-5508.

"determine" his ability to pay sanctions and also failed to consider the R.C. 2947.23(A)(1)(a) requirements. The trial court overruled appellant's motion, and this court affirmed that decision. *See State v. Sanders*, 4th Dist. Pickaway No. 15CA21, 2016-Ohio-5508. *(Sanders IV).*

{¶ 7} On November 21, 2016, appellant commenced the instant action and filed another "Motion to Waive or Suspend Court Costs and the Costs of Prosecution for Which Execution was Awarded." The trial court denied this motion on November 23, 2016. This appeal followed.

## I

## Standard of Review and Res Judicata

{¶ 8} Generally, a court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph four of the syllabus. *See also State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 47. However, before we review appellant's assignments of error, we review our most recent decision in this case, *Sanders IV*, which results in the conclusion that appellant's claims are barred from review under the doctrine of res judicata.

{¶ 9} In *Sanders IV*, appellant argued that the trial court erred when (1) it refused to resentence appellant in compliance with statutory requirements pursuant to R.C. 2947.23(A)(1)(a), and (2) it failed to inform him that if he failed to pay court costs, the trial court could order him to perform community service until the judgment is paid. We noted that R.C. 2947.23(A)(1)(a) did not exist until March 24, 2003, while appellant's convictions occurred many years before that. We also cited other Ohio appellate court decisions that have held that res judicata bars a defendant from arguing that he is entitled to resentencing because he was not informed of the possibility of community service if he did not raise the issue on direct appeal. *Sanders IV* at ¶ 12-14. In criminal

cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 92. Further, we highlight that in *Sanders IV*, appellant also argued that it was ineffective assistance of counsel for his attorney to fail to object to the trial court's imposition of court costs. We held that this alleged error could have been raised in appellant's first appeal of right, and, in fact, it was actually raised. *See Sanders I.* Thus, we concluded that it was barred from being reconsidered.

{¶ 10} In *Sanders IV*, we also acknowledged that void sentences are subject to correction at any time, regardless of res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27. However, we held that this principle does not apply to the improper impositions of costs because, among other reasons, courts have discretion on the imposition of costs, and costs are a civil assessment, even when assessed within a criminal case. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954,926 N.E.2d 278, ¶ 1,19-21.

{¶ 11} Appellant once again presents an argument concerning court costs, this time arguing that they are not subject to res judicata because the court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution at the time of sentencing or any time thereafter, as per R.C. 2947.23(C). However, the provision of the law on which appellant relies did not take effect until 2013, years after the trial court imposed sentence on appellant and determined that he was to pay the costs of his prosecution. See 2012 Am.Sub.H.B. No. 247 (effective Mar. 22, 2013). Although trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, they lack authority to reconsider their own valid final judgments in criminal

cases.  *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997).

{¶ 12} The Tenth District Court of Appeals recently addressed this very issue and held that "[f]or criminal sentences imposed after the effective date of HB 247, trial courts are afforded by law the jurisdiction to waive, suspend, or modify the payment of the costs of prosecution beyond the sentencing date.  R.C 2947.23(C).  Note that the people of Ohio in the Ohio Constitution, Article IV, Section 4(B), have determined that the legislature determines the jurisdiction of the courts of common pleas: 'The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law*.'   (Emphasis added.)   Thus in cases such as [this] where sentence was imposed and the judgment became final *before* the effective date of HB 247, the trial court cannot 'retain jurisdiction' to waive, suspend, or modify costs when it did not have the authority to do so at the time of sentencing.  R.C. 2947.23(C); Ohio Constitution, Article IV, Section 4(B)." *State v. Banks*, 10th Dist. Franklin No. 17AP-210, 2017-Ohio-7135, ¶ 10.  We agree.

{¶ 13} In the case sub judice, appellant was convicted, sentenced, and costs imposed in 1995.  He lost his direct appeal in 1996.  Thus, current R.C. 2947.23(C) is inapplicable to appellant's case because the provision appellant seeks to avail himself of was not in effect until long after the trial court imposed sentence and costs.  Appellant makes no new viable arguments.  Thus, appellant's argument regarding costs, even if successful, could not show that his sentence is void, even in part.  The trial court's rulings on costs were announced orally in the sentencing hearing and within the sentencing judgment entry.  Because the claims regarding costs could have been raised in his direct

appeal in 1996, they cannot be raised now.

{¶ 14} Accordingly, we overrule appellant's assignments of error.

{¶ 15} If we considered the potential merits of appellant's appeal, we point out that in denying appellant's motion to waive or suspend court costs, the trial court noted that appellant was not assessed any fines pursuant to R.C. 2929.18(A)(4), but only ordered to pay the costs of his prosecution. Further, the court stated that R.C. 2947.23(A)(1)(a) mandates that costs must be assessed against all defendants. Finally, the trial court noted that R.C. 2947.23(C), which permits trial courts to waive, suspend, or modify the payment of court costs, did not exist when appellant was sentenced, nor did the court intend to exercise its discretion to waive any costs imposed.

{¶ 16} The trial court concluded that a person claiming the inability to pay bears "the burden of going forward with evidence indicating indigency to such an extent that failure to make otherwise required payments must be excused essentially because of practical impossibility." *State v. Woods*, 7 Ohio App.3d 81, 82, 454 N.E.2d 554 (10th Dist.1982). The court held "[t]he fact that the Defendant is incarcerated, standing alone, does not support a finding of indigency for purposes of vacating court costs." We agree, and even though we conclude that appellant's claims are barred by res judicata, we further conclude that they would also fail on the merits.

{¶ 17} R.C. 2947.23(A)(1)(a), enacted after appellant's conviction and sentence, provides: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." The trial court noted that this statute mandates that costs be assessed against all defendants. This is accurate. The Supreme Court of Ohio has held that "R.C. 2937.23 does not prohibit a court from assessing costs against an indigent

defendant; rather it *requires* a court to assess costs against all convicted defendants." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

{¶ 18} The Supreme Court of Ohio later elaborated that "a defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevinger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3. Moreover, the discretion to waive court costs includes the discretion not to waive them. *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9.

{¶ 19} In the case at bar, the trial court went on to note that as for appellant's argument that the trial court failed to inform him of the possibility of community service, the statute at the time of sentencing did not mention community service, *accord State v. Sanders IV,* and therefore the court could not have done something when the statutory law at the time did not even mention the possibility.

{¶ 20} In his second assignment of error, appellant argues that the trial court erred when it failed to determine the appellant's past, present, and future ability to pay the courts costs of prosecution and failed to determine the amount of costs for the courts imposed financial sanctions as statutorily required by law. Again, the state notes that the court did not assess any fines pursuant to R.C. 2929.18(A)(4), but rather only ordered appellant to pay the costs of prosecution.

{¶ 21} R.C. 2929.19(B)(5) provides: "before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." Under the clear and unambiguous language of this statute, it applies only to financial sanctions and/or fines. Appellant is complaining of court costs, an entirely separate creature. Because court costs are not

financial sanctions, R.C. 2929.19 is inapplicable and a trial court need not consider a defendant's ability to pay under R.C. 2929.19 prior to imposing court costs. *State v. Smith*, 3d Dist. Allen No. 1-07-32, 2007-Ohio-6552, ¶ 11*; Columbus v. Kiner*, 10th Dist. Franklin No. 11AP-543, 2011-Ohio-6462.

{¶ 22} In his third assignment of error, appellant argues that his trial counsel was ineffective because he failed "to 'object' to statutory requirements by law, when the trial court failed to comply with the statute language in determining appellant's past, present, and future ability to pay the courts [sic] imposed financial sanctions, and when the court failed to determine the amount of the courts costs of the prosecution at the sentencing hearing."   The state contends, however, that this analysis was not required by statute.

{¶ 23} *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, sets forth the standard for judging ineffective-assistance claims.   "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."   *Id*. at 687-688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.   Further, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.   *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 24} Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.   *State v.*

*Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205.  To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different.  *State v. Conway* (2006), 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶ 25} In the case sub judice, appellant asserts that counsel should have objected when the trial court failed to determine appellant's past, present, and future ability to pay.  However, as we noted above, court costs are different from financial sanctions.  Further, appellant argues that the court failed to determine the amount of costs of prosecution at the hearing.  The trial court stated in its March 10, 1995 judgment entry, "It is the further order of the court that the defendant pay the costs of this prosecution for which execution is hereby awarded."  In its March 5, 1995 entry, entitled "Execution for Costs in Felony," the court indicated that the court costs were, at that time, $1,664.00.

{¶ 26} Finally, as we stated in *Sanders IV*, not only is this alleged error one that could have been raised in appellant's first appeal as of right, it was, in fact, actually raised.  *See Sanders I*.  Thus, this claim is barred by the doctrine of res judicata.  Additionally, for the reasons set forth above, appellant's argument would also fail on the merits.

{¶ 27} Accordingly, we overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment is affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of

Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.